BARREDA v. MERCHANTS' NAT. BANK.
(No. 6087.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 6, 1918. Rehearing Denied Dec. 4, 1918.)

1. TENDER ⊚⟶12(2)—FULL AMOUNT.

If a debtor tenders a less amount than the actual debt, he does it at his peril, no matter how well informed the creditor may be as to the true amount.

2. TENDER ⊚⟶12(2)—AMOUNT IN FULL.

If the maker of a promissory note tenders an amount insufficient to discharge it in full, he does not stop the running of interest even on the

sum tendered; it being not a question of what he believes to be due, but of what is actually due.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by the Merchants' National Bank against C. P. Barreda. Judgment for plaintiff, and defendant appeals. Affirmed.

F. W. Seabury, of Brownsville, for appellant.

Jas. A. Graham, of Brownsville, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant to recover on a promissory note for $6,500, with interest at 10 per cent. per annum and 10 per cent. attorneys' fees if placed in the hands of an attorney for collection or if suit was instituted, less a credit of $1,640.80, made on June 30, 1915. Appellant admitted execution of the note sued on, but alleged that it was given to liquidate a certain note for $4,566.33 previously given by appellant to appellee and a certain promissory note given by appellant to one Payne then amounting to $1,640.80; that on April 28, 1915, appellee loaned appellant a sum of money sufficient to pay off the two notes, taking the note for $6,500 for the same. It was further alleged that Payne failed and refused to execute a release of a vendor's lien by which his note was secured, and that appellee did not credit the amount of said $1,640.80 note on the note for $6,500, but held the same for two months, and then only the principal sum of $1,640.80 was credited without any interest, which appellant claims is due him. Appellant also pleaded a tender of the amount of the note before the same was placed in the hands of attorneys for collection, and he sought to avoid payment of attorneys' fees by virtue of such tender. The cause was submitted to a jury on special issues, and, upon the responses thereto, judgment was rendered in favor of appellee for $4,834.59 amount tendered into court, and for the further sum of $1,785.60, with 10 per cent. thereon from December 10, 1917, and all costs.

The jury found that the note for $6,500 was placed in the hands of attorneys for collection on July 9, 1915, and it was agreed that the amount of 10 per cent. named in note should be their compensation and that it was just and reasonable. It was also found that appellee acted for appellant and another bank in its efforts to obtain a release of Payne's vendor's lien, and the $1,640.80 was to be credited on the $6,500 note when the money was returned from New York.

No tender of the amount of the note was made. It was also found that the vendor's lien note was canceled and surrendered to appellant on April 28, 1915, by appellee, who was acting as the agent of the owner or holder of the note. Appellant returned the note of appellee on May 10, 1915, and appellee promised him to credit the amount of it on the note for $6,500, and the credit was made on June 30, 1915. The full amount of the note just before it was placed in the hands of attorneys for collection, on July 9, 1915, was $4,876.31.

[1, 2] We see no merit in this appeal. The jury found the amount due on the note when it was put with attorneys for collection, and appellant at no time made a tender of that sum to appellee. It is the contention of appellant, under the first, second, and third assignments of error, that—

"Where the creditor has the exclusive knowledge of the exact amount due from debtor, and has such exclusive knowledge by reason of transactions connected with a fiduciary relation existing between him and debtor, the debtor does not have to tender the amount demanded by the creditor, but may tender the amount which, with the knowledge he has, he believes to be due, and has good reason to believe due, and such tender will operate as a tender pro tanto for the purpose of stopping the running of interest on the sum tendered, even though it be not amount actually due."

It was not a question of what appellant believed to be due, but did he tender the amount really due on the note? Unless he did, he is in no position to complain when he is compelled to pay interest and attorneys' fees on the actual amount due. The theory advanced by appellant would revolutionize the law as to tender, and make the collection of interest and attorneys' fees dependent on what a debtor believed he owed regardless of the true amount shown to be due and claimed by the creditor. If a debtor tenders a less amount than the actual debt, he does it at his peril no matter how well informed the creditor may be as to the true amount. There is no statement of facts and there is nothing in the record to indicate that appellee had exclusive knowledge of the amount due by appellant, and nothing to indicate that appellee concealed the true amount of the debt in order to collect interest and attorneys' fees.

If, as claimed by appellant, it was admitted by appellee that a tender was made of $4,834.59 by appellant, that was not the amount due on the note, and could not redound to the interest of appellant by saving him from the payment of interest and attorneys' fees. Kelly v. Collins, 56 S. W. 997.

The judgment is affirmed.