## ABILENE STATE BANK v. DONNELLY et al. (No. 1814.)

(Court of Civil Appeals of Texas. El Paso. Nov. 12, 1925.)

**1. Trusts ⚮91—Constructive trusts always originate in fraud.**

Constructive trusts always originate in fraud, in favor of party defrauded.

**2. Trusts ⚮62—"Resulting trusts" are those which courts presume.**

"Resulting trusts" are trusts which courts presume to arise out of transactions of parties, sometimes called presumptive trusts, because the law presumes them to be intended by the parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Resulting Trust.]

**3. Trusts ⚮62, 91—Constructive and resulting trusts necessarily founded on some equity of cestui que trust.**

Both constructive and resulting trusts must necessarily be founded on some equity in favor of cestui que trust against holder of legal title.

**4. Trusts ⚮63¾, 95—Where assignee of defendant, accommodation maker of note, enforced judgment over against impleaded maker without paying judgment against defendant, no resulting or constructive trust arose in favor of plaintiff to lands purchased under execution sale.**

Where judgment for plaintiff in an action on note awarded defendant as accommodation maker unconditional judgment against impleaded defendant, and without payment of plaintiff's judgment defendant's assignee levied execution on property of impleaded defendant, and purchased such property on execution sale by crediting purchase price on judgment, *held*, no constructive trust or resulting trust arose in favor of plaintiff or its assigns, since plaintiff was in no way injured by enforcement of defendant's judgment.

---

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Glasscock County; Chas. Gibbs, Judge.

Action by the Abilene State Bank against W. W. Donnelly and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Garland A. Tunstill, of Fort Worth, for appellees.

HIGGINS, J. Appellant sued W. W. Donnelly, Garland A. Tunstill, and the Continental National Bank of Fort Worth to recover 320 acres of land. The record contains no statement of facts, but the trial court made findings. A condensed statement of the material facts so found is as follows:

The Guaranty State Bank sued W. A. Tunstill upon a promissory note. Tunstill answered, and impleaded R. A. Hodges, setting up that he was an accommodation maker of the note sued upon, and asked for judgment over against Hodges. Upon trial of that suit judgment was rendered that:

The "Guaranty State Bank do have and recover of and from the defendant W. A. Tunstill the sum of $1,388.97, with 10 per cent. interest from this date, for which let execution issue. It is further ordered, adjudged, and decreed by the court that defendant W. A. Tunstill do have and recover of and from defendant R. A. Hodges the sum of $1,388.97, by virtue of his cross-action against defendant R. A. Hodges, for which let execution issue. It is further ordered, adjudged, and decreed by the court that plaintiff recover all costs of this suit against defendant W. A. Tunstill, and that defendant Tunstill recover costs against defendant R. A. Hodges, for which let execution issue."

W. A. Tunstill assigned to W. W. Donnelly the judgment so recovered by him against Hodges. Donnelly caused an execution to be issued upon the judgment so assigned to him, and the same was levied upon the land sued for. The land was sold under the execution to W. W. Donnelly for $1,000, which sum was paid by credit upon the judgment of Tunstill against Hodges. Donnelly conveyed the land to Garland A. Tunstill, and the latter thereafter conveyed the same to a trustee for the use of said Continental National Bank to secure a note for $500. The Guaranty State Bank assigned all of its assets to the appellant.

At all times Donnelly, Garland A. Tunstill, and the Continental National Bank knew that the judgment in favor of W. A. Tunstill against Hodges was a cross-judgment, based on the judgment in favor of the Guaranty State Bank against W. A. Tunstill. No payment has been made on the judgment in favor of the Guaranty State Bank against W. A. Tunstill. The eleventh finding reads:

"I further find that the judgment in favor of W. A. Tunstill against R. A. Hodges was rendered in favor of said Tunstill solely to protect him against the judgment in favor of Guaranty State Bank of Abilene against W. A. Tunstill; that there was no other consideration for said cross-action judgment, and that all defendants in this cause had notice of same."

The appellant asserts that the land sued for was impressed with a trust in its favor. It is not pretended that an express trust is shown, but, as we understand the appellant's propositions, it is contended that either a constructive or resulting trust in its favor arose upon the facts stated.

[1] Constructive trusts always originate in fraud. Cole v. Noble, 63 Tex. 432. The trust arises in favor of the party defrauded. Hendrix v. Nunn, 46 Tex. 141; 1 Perry on Trusts (6th Ed.) §§ 27 and 166.

[2] Resulting trusts are trusts which the courts presume to arise out of the transactions of the parties.

"They are sometimes called presumptive trusts, because the law presumes them to be intended by the parties from the nature and character of their transactions with each other, although the general foundation of this kind of trusts is the natural equity that arises when parties do certain things. Thus, if one pays the purchase money of an estate, and takes the title deed in the name of another, in the absence of all evidence of intention, the law presumes a trust, from the natural equity that he who pays the money for property ought to enjoy the beneficial interest." 1 Perry on Trusts (6th Ed.) §§ 26 and 124.

[3, 4] Both constructive and resulting trusts necessarily must be founded upon an equity in favor of the cestui que trust against the holder of the legal title. We can see no equity whatever here in favor of appellant. The issuance of an execution upon the judgment in favor of W. A. Tunstill against Hodges and the sale thereunder was not in fraud of any right of the Guaranty State Bank. That judgment was unconditional upon its face. Had the right to the issuance of such execution been conditioned upon the previous payment of the judgment of said bank against Tunstill, the fact that the execution was issued without such payment did not infringe upon any right of the bank. Hodges might perhaps have complained, but we fail to see how the bank was in anywise affected. Therefore no constructive trust was created. The most common example of a resulting trust is that stated in the above quotation from Perry on Trusts. The land was not paid for by any credit applied on the bank's judgment. The facts here have no application to the trust which results when one person pays the purchase price out of his own estate and the deed is taken in the name of another. Resulting trusts arise upon facts other than in the example given (1 Perry on Trusts [6th Ed.] § 125), but the facts of the present case wholly fail to show that the

land sued for is impressed with a resulting, or any other character of trust, in favor of appellant.

Affirmed.