## W. D. HADEN CO. v. LEE.
### No. 7872.

Court of Civil Appeals of Texas. Austin.
Oct. 11, 1933.

Rehearing Denied Nov. 8, 1933.

C. D. Krause, of La Grange, W. P. Hamblen, of Houston, D. D. McDonald, of Galveston, and E. A. Arnim, Jr., of Flatonia, for appellant.

C. G. Krueger, of Austin, and Fred L. Blundell, of Lockhart, for appellee.

BAUGH, Justice.

This is the second appeal of this case. The former appeal, reported in 48 S.W.(2d) 476, was by Lee from an instructed verdict in favor of appellant. The case was tried a second time upon the same pleadings and substantially the same evidence as in the first trial, a sufficient statement and summary of which is reported in our former opinion, here referred to, and need not be restated here. Our former reversal sets forth the issues which the evidence raised, and which should have been submitted to the jury. Obviously the case was tried the second time in conformity with our former opinion. The issues submitted were as follows:

"Special Issue No. 1: Do you find from the preponderance of evidence that at the time of the transaction inquired about the defendant was acting in his own behalf in obtaining the option contract and in purchasing the land? Answer yes or no.

"Special Issue No. 2: Do you find from the preponderance of evidence that the plaintiff had actual knowledge, prior to the time the deal was closed and the money paid that W. E. Lee had obtained an option on and a deed for 100 acres of land from Mrs. Moore and husband? Answer yes or no.

"Special Issue No. 3: Do you find from the preponderance of the evidence that the defendant W. E. Lee was acting for and on behalf of himself, with the knowledge and consent of plaintiff, in obtaining the option contract and in the purchase of the 100 acres of land from Middie Darby Moore and husband, and not as the agent of the plaintiff? Answer 'he was' or 'he was not.' If you answer 'he was' you need not answer the following issue; if you answer 'he was not,' then answer the following special issue:

"Special Issue No. 4: If you have found in answer to Special Issue No. 3 that W. E. Lee was acting as agent for the plaintiff in purchasing the 43 acres of land, then do you find from the preponderance of evidence that the plaintiff had actual and constructive notice (as that term is above defined to you) and knowledge of the fact that W. E. Lee was purchasing 100 acres of land instead of only 43 acres, before the Haden Company paid the purchase price and obtained the deed to the 43 acres of land, and acquiesced therein? Answer yes or no."

Issues Nos. 1 and 2 were answered, "Yes"; issue No. 3 was answered, "He was"; and issue No. 4 not answered.

The principal contention on which W. D. Haden Company predicates its appeal is that Lee was its agent as a matter of law in the transactions involved. The rules governing an agent's conduct of his principal's business, his fiduciary capacity, his duty to make full disclosure, and of utmost good faith, are well settled. But the disputed issue here involved was whether Lee, in the land deal in controversy, was the agent of appellant. The jury found that he was not. No good purpose would be served by setting out the testimony here. Suffice it to say that we find it sufficient to sustain their finding. It is not disputed that Lee was superintendent of appellant's gravel plant at West Point, and in charge of construction, mining, and screening of gravel there. Such employment, however, carried no implied authority in him to purchase land for the corporation, or make a binding contract to do so, without its authority. There was shown no such authority given to him by the corporation. In fact, his original employment contract appears to have been oral and rather indefinite both in defining his duties and the amount of his compensation. There was evidence that he was not to give and did not give his full time to appellant's business. If he were not the agent of appellant in the land transaction, then the strict rules of an agent's accountability to his principal did not apply to that. Then, too, there was evidence to show and the jury found that appellant knew at the time what appellee was doing and made no complaint. In brief, the testimony of the parties adversely interested was sharply conflicting. Lee's testimony was corroborated by disinterested witnesses and to some extent by appellant's own officials and documentary evidence. The jury chose to believe him, which forecloses the matter in this court.

While appellant brings forward several other assignments, they are not briefed; and, as stated, relies upon its contention that the evidence shows conclusively that Lee was its agent in the transaction and guilty of bad faith inuring to his own benefit, and without appellant's knowledge. Our former reversal was based upon the conclusion that a jury question was raised by the evidence on those issues, and the jury found against appellant. We must, therefore, affirm the judgment of the trial court.

Affirmed.