## KINZBACH TOOL CO., Inc., et al. v. CORBETT–WALLACE CORPORATION et al.

### No. 11028.

Court of Civil Appeals of Texas. Galveston.

Oct. 31, 1940.

Rehearing Denied Dec. 5, 1940.

Hardway, Woodruff & Austin, of Houston, for appellant Kinzbach Tool Co.

Sewell, Taylor, Morris & Connally, of Houston, for appellant G. E. Turner.

T. J. Stovall and W. F. Tarver, both of Houston, for appellee Corbett-Wallace Corporation.

MONTEITH, Chief Justice.

This is an appeal in an action brought by appellee, Corbett-Wallace Corporation, to recover from appellant, Kinzbach Tool Company, Inc., the amount alleged to be due on a contract involving the sales rights to certain oil field equipment, with attorney's fees. Appellant, Kinzbach Tool Company, Inc., sought to defeat appellee's action to recover attorney's fees under said contract and by cross-action sought to establish a constructive trust on the balance of a fund due appellant, G. E. Turner, by appellee, and to recover the sum of $500 paid on said fund.

On May 11, 1937, appellee, Corbett-Wallace Corporation, entered into a written contract to sell to appellant, Kinzbach Tool Company, Inc., its rights to manufacture and sell a piece of patented oil-field equipment known as a "whipstock" for the sum of $25,000, payable $2,500 in cash, $2,500 on June 1, 1938, and $5,000 on June 1 of each year thereafter until the full purchase price was paid.

Default was made by Kinzbach Tool Company, Inc., in the payment of the first installment of $2,500 due on June 1, 1938, under said contract. On its failure to make payment after demand therefor had been made by appellee, suit was filed against said appellant for said installment, with attorney's fees due thereon. On the date said suit was filed by appellee, appellant, Kinzbach Tool Company, Inc., filed suit against appellee, Corbett-Wallace Corporation, and against appellant, G. E. Turner, its former employee, alleging numerous acts of fraud on the part of each. Later appellee, Corbett-Wallace Corporation, filed an amended petition, including a cross-action, in which it sought a cancellation of its contract to pay appellant Turner the sum of $5,000.

Later appellee amended its petition in said suit and included therein the acceleration of the entire amount alleged to be due under said contract, with attorney's fees.

In a trial before the court judgment was rendered in favor of appellee, Corbett-Wallace Corporation, against Kinzbach Tool Company, Inc., for the entire unpaid balance due under the terms of said contract of $22,500, with 10% attorney's fees of $2,250, a total of $24,750, with costs of court, and that appellant, Kinzbach Tool Company, Inc., recover nothing from appellee, Corbett-Wallace Corporation, on its cross-action; and that appellee take nothing on its cross-action against G. E. Turner. The court decreed that a contract by appellee to pay appellant Turner the sum of $5,000, when and if the purchase price for said equipment was fully paid to appellee by appellant, Kinzbach Tool Company, Inc., be cancelled and that appellee be relieved of further liability thereon. The court awarded Kinzbach Tool Company, Inc., judgment against appellant G. E. Turner for $500, the amount that had been paid to Turner by appellee on said contract, and awarded appellant, Kinzbach Tool Company, Inc., a credit on the judgment in favor of appellee in the sum of $4,500, reciting said sum to be the amount appellee was relieved from paying appellant Turner "so that said sum is in effect decreed to said Kinzbach Tool Company, Inc., as a credit on said judgment so as to leave as the present unpaid amount of judgment for plaintiff, the Corbett-Wallace Corporation, the sum of $20,250, together with interest thereon at 6%, and all costs herein expended."

The court further ordered that the sums of $2,500 and $5,000, deposited by appellant, Kinzbach Tool Company, with the Clerk of the Court, be paid direct to appellee as credits upon said judgment of $20,250, leaving a then balance of $12,750 unpaid thereon.

Findings of fact and conclusions of law were filed by the court. They were excepted to by Kinzbach Tool Company, Inc.

The court found in effect that Frank Kinzbach was thoroughly familiar with the value of said "whipstock" and the profits that could be made from it; that E. B. Corbett, an officer of Corbett-Wallace Corporation, had requested G. E. Turner, an employee of Kinzbach Tool Company in the capacity of a salesman, to see Frank Kinzbach and to find from him if he would be interested in buying the contract and sales rights to said equipment. Turner was advised that Corbett-Wallace Corporation would not sell said contract for less than $20,000 net, and was instructed not to quote any selling price therefor. He was requested to find what Kinzbach was willing to offer for said contract. Corbett informed Turner that he would "take care of him" on the deal.

The court found that appellee had never at any time requested or authorized Turner to make a contract or deal for said contract of sales rights. He found that on a former occasion Turner had acted as an intermediary for the sale and exchange of stock between Kinzbach and Corbett, personally, and that he had been paid a small commission by Corbett for such services; that said payment was not known to Kinzbach at the time of the transaction, but that had he discovered it later he would not have objected to it. The court found that when approached by Turner, Kinzbach advised Turner that he was interested in purchasing the contract in question and instructed him to find out what Corbett-Wallace Corporation would sell it for, but not to quote them a price. Frank Kinzbach advised Turner that they would pay $25,000 for said contract, but Turner was never re-

quested nor authorized to make a contract, or deal for said contract, or make a price, and that Turner had advised Corbett that Kinzbach would not quote a figure. Later Kinzbach instructed Turner to drop the matter; that he was negotiating himself with W. F. Tarver, an agent and attorney for Corbett-Wallace Corporation. After much negotiating between Kinzbach and Tarver the contract in evidence was agreed upon and said contract was drawn by Tarver in collaboration with attorneys understood by Tarver to be representing Kinzbach Tool Company. The court found that, at all times, Kinzbach knew that W. F. Tarver was not representing him and that he was representing Corbett-Wallace Corporation. The court found that Frank Kinzbach and E. B. Corbett were and had been for some time unfriendly and that neither could deal personally with the other.

The court found that after the execution of said contract Frank Kinzbach learned that G. E. Turner had been promised a fee or commission by E. B. Corbett and that Turner was immediately discharged from Kinzbach Tool Company; that shortly thereafter Corbett-Wallace Corporation made a written agreement with Turner to pay him 20% commission on the purchase price of said contract, amounting to $5,000, when paid by appellee; that had Kinzbach known of said promise to pay said commission he would have refused to deal with Corbett-Wallace Corporation through Turner. He found that, during the negotiations for said sale and up to the time the contract was signed, neither Corbett nor Corbett-Wallace Corporation was informed by Turner of any confidential matters of Turner's employer, or that Kinzbach would pay $25,000 for the contract, and that neither Corbett nor any officer of the Corbett-Wallace Corporation conspired with Turner against his employer, nor was Corbett nor any of such officers guilty of any fraud or deceit or overreaching in negotiating the sale of the contracts. He found that, in making said purchase, Kinzbach depended solely upon his own knowledge of the value of the "whipstock" and that he did not rely or depend upon anything said or done by W. F. Tarver or Corbett-Wallace Corporation or G. E. Turner; that neither party to the contract sought a rescission of the contract in said suit; that the price of $25,000 agreed to be paid by Kinzbach Tool Company, Inc., was a fair price; that said contract was reasonably worth more than such sum at the time of the execution of said contract and was worth much more than said sum at the time of the trial of the case.

The court further found that the installment of $2,500 due June 1, 1938, was not paid when due; that plaintiff notified Kinzbach Tool Company that suit would be filed, and that attorney's fees would be demanded if it was not paid; that after such default said contract was placed in the hands of attorneys for collection and that they were entitled to collect attorneys' fees on said default; that prior to the filing of said suit, Kinzbach Tool Company tendered Corbett-Wallace Corporation $1,500 as payment of the installment of $2,500 but that such tender was not sufficient; that between July 18, 1938, and December 6, 1938, Kinzbach Tool Company offered to pay Corbett-Wallace Corporation the installment due on June 1, 1938, of $2,500, with attorney's fees and court costs, upon condition that the plaintiff would give a receipt reciting that such sum was paid under protest and that such payment would be without prejudice to its right in a suit filed by Kinzbach Tool Company against Corbett-Wallace Corporation and G. E. Turner; that such tender was insufficient and that appellee was under no duty to accept the tender with such conditions imposed thereon; that in February, 1939, Kinzbach Tool Company tendered into court the sum of $2,500 on the installment of said contract due on June 1, 1938, and on June 30, 1939, it tendered into court the sum of $5,000 due on the installment which was due in June, 1939. It found that it would not be inequitable to require said Kinzbach Tool Company to pay such fees; that such attorney's fees were just, reasonable and due, and that appellee was entitled to accelerate its payment on said contract and to recover the principal sum and attorney's fees rendered in said judgment. The court found, however, that G. E. Turner, being an employee of the Kinzbach Tool Company, had no right to collect a commission from Corbett-Wallace Corporation, and that Kinzbach Tool Company was entitled to recover of him any sum paid him or which he would be entitled to collect from appellee.

■ Appellant, Kinzbach Tool Company, Inc., contends that the findings of the trial court to the effect that neither Corbett nor Corbett-Wallace Corporation was informed by G. E. Turner of any confidential matters of his employer, or that they conspired with him against his employer, or that they

were not guilty of fraud or deceit in the negotiations for the sale of said contract are without support in the record and that the trial court erred in denying Kinzbach Tool Company, Inc., a recovery of the sum of $5,000, since the uncontroverted proof showed that appellee became the constructive trustee for Kinzbach Tool Company, Inc., of said sum of $5,000 which appellee paid and agreed to pay G. E. Turner as commission on said contract.

This contention cannot be sustained. A careful consideration of the facts in the record leads to the conclusion that the findings of fact of the trial court are unusually comprehensive and definite and that they are, without exception, based on ample evidence.

■ Under the pleadings and record in this action appellant, Kinzbach Tool Company, Inc., in order to recover, must establish a constructive trust in its favor on the funds due appellant Turner under its contract with appellee, Corbett-Wallace Corporation.

■ It is the settled law in this state that the doctrine of constructive trust, relied upon by appellant, is only applicable in cases in which there is "some breach of duty or want of good faith and fair dealing on the part of the person acquiring the property, or of him from whom or under whom he has gotten it, of whom he has actual or constructive notice; or where the property has been acquired or possession of it taken on the assumption of a trust character, or under the belief by those with whom the transaction is had, or by reason of which it was acquired or possessed, that it was taken or acquired in trust; or where it has been gotten by some undue influence." Hendrix v. Nunn, 46 Tex. 141; Coles v. Noble, 63 Tex. 432; Abilene State Bank v. Donnelly, Tex.Civ.App., 277 S.W. 447; Marosis v. Alamo Amusement Co., Tex.Civ. App., 60 S.W.2d 876; Costley v. Gracy, Tex.Civ.App., 52 S.W.2d 920; 35 A.L.R. 310; 80 A.L.R. 205.

In the recent case of Collins v. Griffith, Tex.Civ.App., 125 S.W.2d 419, 420, it is held that, "A 'constructive trust' is born of fraud and presupposes from its beginning adverse claim of right on part of trustee by implication." Abilene State Bank v. Donnelly et al., Tex.Civ.App., 277 S.W. 447.

The court found, on ample evidence, that the officers of Kinzbach Tool Company were familiar with the value of said contract and the profits that could be made from it; that the price agreed upon was a fair price at the time of its purchase and at the time of the trial; that Turner did not violate any confidence of his employer and that his employer did not suffer any damage as a result thereof. Frank Kinzbach testified that Turner did not attempt to induce him to purchase said contract and that the trade for the purchase thereof was made between him and W. F. Tarver and that he knew that Tarver was representing appellee. The uncontroverted evidence shows that Turner's services in connection with said sale consisted only in advising his employer that E. B. Corbett had informed him that said contract was for sale and that he would be glad to recieve an offer therefor, and in advising appellee that his employer, Kinzbach Tool Company, did not desire to make an offer but would be glad to receive one.

■ In the case of Allen v. Roach, Tex. Com.App., 292 S.W. 195, the court in its opinion held that the general rule that an agent cannot act for both a buyer and a seller unless his so acting is at the time known to both parties and is agreeable to them, does not apply where the agent is clothed with no discretion but is only authorized to bring the parties together.

This exception to said general rule is recognized in the case of Adkins-Polk Co. v. John Barkley & Co., Ltd., Tex.Civ.App., 297 S.W. 757.

In the case of Lee v. W. D. Haden & Co., Tex.Civ.App., 48 S.W.2d 476; W. D. Haden & Co. v. Lee, Tex.Civ.App., 64 S.W.2d 1107, it is held that an agent must be the agent in fact before the strict rule of accountability applies. This rule is followed in 2 C.J. 694, § 353, in which it is said: "The general rule as to loyalty does not apply to cases where no relation of trust or confidence exists between the parties, as where an agent is bound merely as an instrument, more properly as a servant, to perform a service, or where the relation of principal and agent is not shown to exist." See also 3 C.J.S., Agency, § 138.

In the case of Starling v. Hill, Tex.Civ. App., 121 S.W.2d 648, the receiver of a defunct corporation sued some of its directors and its general attorney, alleging a conspiracy to defraud the corporation and that said defendants had received and retained large sums of money from fraudulent dealings with the corporation. It was found that said attorney, during the operation of the

corporation, had entered into a conspiracy with one of the defendants to defraud the corporation out of money invested in its capital stock, and that as a result of such conspiracy he had received the sum of $50,-000. There was, however, no finding that the corporation had suffered any damage as a result of his activities. The court held that the employer must show damage before he could recover from the agent.

■ Since the record shows that G. E. Turner was clothed with no authority to make, accept or reject any offer for or from either party for the purchase or sale of the contract in question, and since there is no proof of fraud or overreaching on the part of either Turner or appellee, and no proof of damage to Kinzbach Tool Company, and since the article purchased has not been tendered back to Corbett-Wallace Corporation, appellant's contention that a constructive trust had been established on the funds due G. E. Turner under his contract with appellee cannot be sustained.

■ We cannot sustain appellant, Kinzbach Tool Company's, contention that the court erred in rendering judgment for appellee against it for attorney's fees and for accelerating maturity of the deferred payments under said contract. The court found that on June 15, 1938, Kinzbach Tool Company tendered Corbett-Wallace Corporation, the sum of $1,500 for the $2,500 which was due under said contract; that on June 23, 1938, the sum of $2,500 was tendered upon condition that appellee sign a receipt in which it was recited that a portion of said payment was made under protest and that its payment would in no way prejudice said appellant's right to recover it or any part of it in another action filed by it. It found that in November after the filing of said suit, a tender of $2,500 was made by said appellant, which was the amount of the installment due, but that no court costs or attorney's fees were tendered at that time. This tender was placed by appellant in the registry of the court and in June, 1939, $5,000 representing installment due on that date, was tendered after suit had been pending for approximately a year. This tender was placed in the registry of the court. All of said tenders were refused by appellee.

■ It is the settled law in this state that a tender must include everthing to which the creditor is entitled and that a tender for anything less is ineffectual. Kansas City Life

Ins. Co. v. Duvall, Tex.Civ.App., 129 S.W.2d 770.

In the case of Barreda v. Merchants' National Bank, Tex.Civ.App., 206 S.W. 726, it was claimed by appellant that a debtor may tender an amount which, with the knowledge he has, he believes and has good reason to believe to be due and that such tender will operate to stop interest on the sum tendered even though it is not the amount actually due. The court in its opinion held, that it was not a question of what appellant believed to be due, but whether the amount tendered was the amount really due on the note, and that unless the proper amount was tendered, the party was in no position to complain when he was compelled to pay interest and attorney's fees on the amount actually due.

In the case of Manhattan Life Ins. Co. v. Stubbs, Tex.Com.App., 234 S.W. 1099, it is held that the complaining party could not tender the amount it thought to be due on an insurance policy and demand a receipt stating that it was accepted in full payment.

■ In the case of Colby v. Reed, 99 U.S. 560, 25 L.Ed. 484-486, it is held that authority undoubtedly exists in the defendant to tender the debt, if it is of a definite amount, before action brought; but it is equally well settled that even if it be large enough to pay the whole debt, that it is utterly nugatory after action brought unless it includes a sum sufficient to pay the costs.

■ The general rule with reference to a tender is that to be effectual it must be unconditional, or, as sometimes expressed, it must be without conditions to which the creditor can have a valid objection, or which will be prejudicial to his rights. 26 R.C.L., 640.

In 40 Tex.Jur. 851, it is said: "* * * a tender accompanied with conditions which the debtor has no right to impose is without effect. Thus it may not be conditioned upon the acceptance of a medium of payment which the obligation does not call for; nor may it be conditioned upon a demand that the creditor relinquish a legal right; nor any other ground which the debtor has no right to demand." Citing Flake v. Nuse, 51 Tex. 98; Manhattan Life Co. v. Stubbs, Tex.Com.App., 234 S.W. 1099.

It follows from these conclusions that the judgment of the trial court should be reversed wherein it cancels and annuls the contract between The Corbett-Wallace Cor-

poration and G. E. Turner, and that judgment in this respect should be here rendered decreeing said contract to be valid and in full force and effect; and that the judgment of the trial court should be reversed wherein it awards Kinzbach Tool Company, Inc., recovery, as a credit on the judgment against it in favor of the Corbett-Wallace Corporation in the sum of $4,500, and that in this respect judgment should be here rendered denying the said $4,500 credit, and that the judgment should be reversed wherein it awards Kinzbach Tool Company, Inc., the sum of $500 with interest and costs of suit against G. E. Turner, and that in this respect judgment be here rendered that Kinzbach Tool Company, Inc., take nothing by its cross-action against said G. E. Turner; and that the judgment of the trial court should in all other respects be affirmed. It is accordingly so ordered.

The motion of the appellant, Kinzbach Tool Company, Inc., to affirm on certificate as to appellant G. E. Turner has been considered and is refused.

Reversed and rendered in part and in part affirmed.