### HAMILTON v. FIRST NAT. BANK OF O'DONNELL et al.

#### No. 5334.

Court of Civil Appeals of Texas. Amarillo.

Sept. 22, 1941.

Rehearing Denied Nov. 10, 1941.

G. E. Lockhart and W. R. Porter, both of Lubbock, for appellant.

Carl Rountree, of Lamesa, for appellee First Nat. Bank of O'Donnell.

Tom Garrard and Calloway Huffaker, Jr., both of Tahoka, for appellee H. H. Toombs.

STOKES, Justice.

On the 25th of February, 1927, M. C. Hamilton was the owner of Section No. 25, in Block H, of the E. L. & R. R. R. R. Co. Survey in Lynn County, and on that day he and his wife, the appellant, Lennia Mae Hamilton, executed to the San Antonio Joint Stock Land Bank a note in the principal sum of $12,800, bearing interest at the rate of 6% per annum, the note and interest payable on the amortization plan at the

rate of $864 annually. The note was given in renewal and extension of outstanding indebtedness against the land and to secure its payment Hamilton and his wife executed a deed of trust in which William B. Lupe was named as trustee.

On the 27th of September, 1928, M. C. Hamilton and his wife executed a general warranty deed, in which they conveyed the section of land to Earl Morrison. This deed recited a consideration of $5,000 cash in hand paid by Morrison. The land was conveyed subject to the note and deed of trust lien held by the San Antonio Joint Stock Land Bank, and also subject to a certain vendor's lien note in the principal sum of $6,400, dated February 14, 1927, executed by Hamilton, payable to Ben S. Pope one year after its date, which note was secured by a vendor's lien then outstanding against the land.

On the 2d day of March, 1929, Earl Morrison and his wife conveyed the land to J. N. Sykes, the deed reciting a cash consideration of $11,700, the assumption by Sykes of the $12,800 note and lien in favor of the San Antonio Joint Stock Land Bank, and the execution by Sykes of ten notes in the sum of $750 each, due one to ten years respectively after date, to secure the payment of which a vendor's lien was retained by Morrison in the deed.

On the same day the last-mentioned deed was executed, that is, the 2d day of March, 1929, Earl Morrison, by written instrument, assigned to appellee, H. H. Toombs, the ten notes of $750 each that had been executed by Sykes. 'The assignment recited a consideration of $7,500 but Toombs, in fact, paid only $6,500 for them.

On the 17th of May, 1929, J. N. Sykes executed to appellee, the First National Bank of O'Donnell, a note in the sum of $1,500 and, to secure its payment, Sykes and his wife executed a deed of trust on the section of land in question to W. S. Cathey, trustee, the note being payable sixty days after date, and on June 11, 1930, this indebtedness was renewed by a renewal note executed by J. N. Sykes and M. C. Hamilton, payable to the bank, in the sum of $1,295, due three months after date. This transaction created a third lien on the land.

On the 25th of September, 1931, in cause No. 845, in the District Court of Lynn County, judgment was rendered against Sykes and Hamilton upon the renewal note for the balance due thereon in the sum of $1,164.35 and the third deed of trust lien executed by Sykes was duly foreclosed.

On the 17th of October, 1931, the clerk of the District Court of Lynn County issued an order of sale upon the judgment last mentioned and under it the sheriff sold Section No. 25, the land in controversy, to J. L. Shoemaker, Jr., for the sum of $150. In purchasing the land at this sale, Shoemaker was acting for and on behalf of the First National Bank of O'Donnell, he being its vice-president and cashier. After the sheriff's sale and purchase by Shoemaker, the sheriff executed a sheriff's deed by which the land was conveyed to Shoemaker who, as we have said, took the title and held the same for and on behalf of the First National Bank of O'Donnell.

On January 22, 1932, J. L. Shoemaker, Jr., acting for and on behalf of the appellee, First National Bank, filed in the District Court of Lynn County his petition in Cause No. 912 in the nature of trespass to try title in which he sought to recover the title and possession of Section No. 25 from M. C. Hamilton, J. N. Sykes and wife, and the appellant, Mrs. M. C. Hamilton. The record shows that, notwithstanding the sheriff's sale of the land to Shoemaker under the judgment against Sykes and Hamilton, the latter continued to occupy the land and the purpose of Shoemaker in filing Cause No. 912 was to dispossess them and recover the land under his purchase at the sheriff's sale. In filing and prosecuting that suit, Shoemaker was still acting for the bank.

On the 14th of January, 1932, eight days before cause No. 912 was instituted by Shoemaker, appellee, H. H. Toombs, by written instrument, assigned to appellant, Lennia Mae Hamilton, the ten second-lien notes of $750 each that had been executed by J. N. Sykes to Earl Morrison as part of the consideration for Section No. 25, and Mrs. Hamilton, on the 19th of February, 1932, filed her answer in cause No. 912 wherein Shoemaker was seeking to dispossess Sykes and the Hamiltons, in which she pleaded a general denial, plea of not guilty, and also included a plea in the nature of trespass to try title in which she set up her ownership of the ten notes in the sum of $750 each, prayed for rescission and sought recovery of the title and possession of Section No. 25 against Shoemaker and Sykes.

Upon the trial of cause No. 912 before the court without the intervention of a

jury, appellant, Lennia Mae Hamilton, recovered the land, presumably upon the theory that the vendor's lien held by her to secure the payment of the ten notes of $750 each was a second lien on the land, subject only to the $12,800 first lien deed of trust held by the San Antonio Joint Stock Land Bank and was, therefore, superior to the third lien which had been foreclosed by Shoemaker in cause No. 845, under which foreclosure, and his purchase at the sheriff's sale, Shoemaker held the legal title.

Immediately after the judgment was rendered in cause No. 912, decreeing to appellant, Lennia Mae Hamilton, the title and possession of the land in suit, appellee, the First National Bank of O'Donnell, caused to be issued an abstract of its judgment in the former cause No. 845 and placed the same of record in the Abstract of Judgment Lien Records of Lynn County.

On October 15, 1940, the instant suit, No. 1267, was filed by appellee, the First National Bank of O'Donnell, against M. C. Hamilton, appellant, Lennia Mae Hamilton, J. N. Sykes and his wife, Pauline, J. A. Mullins and appellee, H. H. Toombs, in which the bank alleged that on the 13th of September, 1938, it paid to the San Antonio Joint Stock Land Bank a balance of $445.-07, due and unpaid on the amortization installment falling due January 1, 1936, and also the installment due January 1, 1937, and another like installment that fell due January 1, 1938, the latter two installments being in the sum of $864 each, which, together with the accrued interest, it alleged amounted to $2,460.32. It alleged that the amortization installments had been duly assigned to it by the Joint Stock Land Bank and prayed for judgment in the amount due on such installments and for foreclosure of the lien to which it had become subrogated under the provisions of the Joint Stock Land Bank's deed of trust and the assignment of the amortization installments executed to it by the Joint Stock Land Bank.

The case was submitted to a jury upon special issues and in answer thereto the jury found that the ten notes in the sum of $750 each executed by Sykes and payable to Earl Morrison were not assigned to appellant, Lennia Mae Hamilton, by appellee, Toombs, as a gift, but that Toombs transferred them to Mrs. Hamilton with the understanding that he would thereafter receive some financial remuneration for them. They further found that Toombs first learned in the Fall of 1939 that Mrs. Hamilton was claiming the land in question for herself and that Toombs was induced to transfer the notes to Mrs. Hamilton through misrepresentations made to him by her husband, M. C. Hamilton. Based upon findings of the jury and his own findings on questions not submitted in the charge, the trial court rendered judgment in favor of appellee, the First National Bank of O'Donnell, for the sum of $3,103.25, the amount found to be due it upon the amortization installments that had been assigned to it by the San Antonio Joint Stock Land Bank, together with a foreclosure of its subrogated lien. It was further decreed that the abstract of judgment lien in favor of the First National Bank of O'Donnell which had issued out of cause No. 845 of the District Court of Lynn County be foreclosed and that the O'Donnell Bank be paid the sum of $1,839.-78, the amount due thereunder, out of the sale of the land in controversy which was directed to be made under an order of sale to be issued upon the judgment in the instant case. The decree further provided that appellee, H. H. Toombs, recover of appellant, Mrs. Hamilton, the title and possession of the land in controversy upon the theory that the ten notes of $750 each had been assigned to her by him without consideration, with the understanding that Toombs was to receive some financial remuneration therefor and that the transfer was made because of false and fraudulent representations by M. C. Hamilton.

Appellant, Lennia Mae Hamilton, filed an exhaustive motion for a new trial, which was overruled by the court, and she duly excepted, gave notice of appeal, and presents the case in this court for review upon twenty-one propositions of law, supported by eighteen assignments of error. The record is voluminous and many contentions are presented by both parties, but in our view of the case the controlling questions are, first, whether or not the court erred in submitting special issues upon the question of a trust resulting in favor of H. H. Toombs from the assignment by him to Mrs. Hamilton of the ten notes in the sum of $750 each and in rendering judgment for Toombs upon the theory that such notes were assigned to and held by appellant, Mrs. Hamilton, in trust for him. Secondly, whether or not error was committed by the court below in overruling appellant's plea

of res adjudicata in so far as the appellee, First National Bank, sought to foreclose its abstract of judgment lien and, thirdly, whether or not the statutes of limitation of two and four years are applicable to the contention of appellee Toombs that the vendor's lien notes were assigned by him to Mrs. Hamilton in trust.

■ In support of her contention that the court erred in submitting special issues upon the question of a trust and in rendering judgment for appellee Toombs for the title and possession of the land upon that theory, appellant contends that the evidence was not sufficient to establish a trust. The record shows that the ten notes executed by Sykes to Morrison were assigned by appellee Toombs to appellant Mrs. Hamilton on the 14th of January, 1932, and that cause No. 912 in the District Court of Lynn County was filed January 21, 1932, just eight days after the assignment was executed. As we have said, in cause No. 912, J. L. Shoemaker, as agent and representative of the O'Donnell Bank, sought to recover the title and possession of the land in controversy. The uncontroverted evidence shows that Toombs received no consideration whatever for the assignment of these notes to Mrs. Hamilton. The jury found upon sufficient evidence that Toombs did not assign the notes to her as a gift. It has long been the established rule of equity in this and many other jurisdictions that where a grantor, without consideration, conveys property to a grantee, under circumstances that do not constitute a gift, a resulting trust arises. Under such circumstances equity presumes an intention of the parties that the beneficial title is to remain in the grantor and the grantee holds the same for his benefit. Solether et al. v. Trinity Fire Ins. Co., 124 Tex. 363, 78 S.W. 2d 180; Jopling v. Caldwell-Dengenhardt, Tex.Civ.App., 292 S.W. 958, reversed on other grounds, Benton Land Co. v. Jopling, Tex.Com.App., 300 S.W. 28; Abilene State Bank v. Donnelly, Tex.Civ.App., 277 S.W. 447; Wise v. Cecil, Tex.Civ.App., 135 S.W. 2d 235.

■ We think the conclusion that the transaction whereby the notes were assigned to Mrs. Hamilton created a resulting trust in favor of appellee Toombs may well rest upon the fact that they were assigned without consideration and that the transaction did not constitute a gift; but there are other bases in the testimony which also warrant such conclusion. M. C. Hamilton was an endorser on each of the ten notes. Before the assignment to his wife was made, Hamilton had informed Toombs that the O'Donnell Bank was threatening to file suit against Hamilton and Sykes for title and possession of the land in controversy and suggested to Toombs that Toombs take some action in protection of his rights under the second lien notes which he held. Toombs informed him at that time that he, Toombs, had more similar difficulties at home than he could solve and that he could not pay the prior claims against the land. These negotiations resulted in an agreement that Toombs would assign the notes to M. C. Hamilton in order that Hamilton may take them and, in some manner, save or recover something for Toombs and Hamilton. In the transaction which ultimately resulted in the assignment of the notes by Toombs to Mrs. Hamilton, Toombs was informed by Hamilton that it would be useless for Hamilton to take the notes and try to save something for Toombs and himself, because Hamilton himself was, or would be, a party to the bank's suit and that he did not want the notes. Hamilton testified that Toombs then suggested to him that "Well, maybe your wife can." Hamilton agreed to this suggestion and told Toombs that probably his wife could use them, whereupon Toombs said he would just give them to Mrs. Hamilton. As we have said, the jury found that the notes were not transferred to Mrs. Hamilton as a gift and, although there was no express agreement between Toombs and Mrs. Hamilton, we think the only logical conclusion that can be reached from these negotiations and conversations is that Toombs assigned the notes to Mrs. Hamilton for the same purpose for which he had theretofore agreed to assign them to Hamilton himself. Such conclusion necessarily implies that the notes were transferred to Mrs. Hamilton in trust in order that Hamilton might have access to them and take advantage of whatever rights he may have through them in an effort to save something for himself and Toombs out of the litigation that was then pending, or soon to be filed, against him.

The record further shows that, after receiving the notes from Toombs, Mrs. Hamilton filed an answer in cause No. 912 in the District Court of Lynn County and set up her right to rescind the second vendor's lien which secured the notes held by her under the assignment from Toombs and that she recovered the title and possession

of the land under those allegations. Instead, therefore, of using the notes as a basis for saving something out of the litigation for her, or her husband, and Toombs, she repudiated the trust and recovered the land for herself. Having done this by virtue of the notes and lien belonging to Toombs and held by her in trust, the land took the place of the notes and Toombs was entitled to recover it upon the theory of a resulting trust. Jackson v. Reed, Tex.Civ. App., 249 S.W. 529; Wise v. Cecil, supra, 135 S.W.2d 235.

■■ The second contention made by appellant is that the court erred in overruling her plea of res adjudicata in so far as the appellee bank was concerned. In view of the disposition we have made of her first contention and our conclusion that she held the land in trust for Toombs, her assignments of error with reference to her plea of res adjudicata become immaterial. Nevertheless, in our opinion, there is no merit in this contention. The plea of res adjudicata was based upon the contention that all matters pertaining to the judgment in cause No. 845 had been adjudicated, or could and should have been adjudicated, in cause No. 912 of the District Court of Lynn County. The abstract of judgment which issued out of cause No. 845 was set up by the bank in the instant case. Cause No. 912 was a suit in trespass to try title filed by the bank in which it sought to recover the title and possession of the land in controversy by virtue of its purchase at the sheriff's sale through J. L. Shoemaker, Jr. Until that suit was tried and judgment rendered, neither Hamilton nor Sykes, who were defendants in cause No. 845, owned or held any legal title to the land. It had been conveyed to J. L. Shoemaker, Jr., for the benefit of the bank by the sheriff of Lynn County under the former foreclosure of the third lien on the land. The legal title, therefore, was in J. L. Shoemaker, Jr., and an abstract of judgment would not have affected it in any manner. Moreover, the abstract of the judgment was not issued until after the judgment had been rendered in cause No. 912, and Shoemaker divested of the legal title. The legal title to the land after that judgment was in Lennia Mae Hamilton. The bank immediately caused its abstract of judgment to be issued and it was only such lien as attached to the land after the judgment had been rendered in cause No. 912 that the O'Donnell bank sought to foreclose in the instant case.

There is, therefore, no merit in appellant's contentions concerning her plea of res adjudicata and they are overruled.

■■ The third and last contention relates to appellant's plea of limitations against the claim of Toombs that the ten notes of $750 each were assigned to her in trust. The jury found that Toombs did not learn, until the fall of 1939, that Mrs. Hamilton was claiming the land in her own right. The trial court decreed that under the law she held it as trustee for Toombs, it having been acquired by her by virtue of the ten vendor's lien notes which he assigned to her in trust. In this holding we think, as we have already said, the trial court was correct. The trust having arisen from the transaction and not having been created by contract, it is a creature of equity and is termed a resulting trust. Solether v. Trinity Fire Ins. Co., supra. In such circumstances, limitation does not begin to run against the cestui que trust until the trust is repudiated by the trustee and notice or knowledge thereof is acquired by the beneficiary. Tennison v. Palmer, Tex.Civ. App., 142 S.W. 948, and authorities there cited. The record does not show the date of filing of the original petition, but the second amended original petition, upon which the suit was tried, was filed October 15, 1940, far less than two years after Toombs acquired knowledge of Mrs. Hamilton's adverse claim to the land and her repudiation of the trust. There is, therefore, no merit in these contentions.

■■ A number of assignments of error presented by appellant pertain to comments of the trial judge during the trial and to remarks of opposing counsel. We have carefully examined the record pertaining to these matters and, in our opinion, the trial judge was justified in all of the remarks made by him. None of them was of such a nature as to have any effect upon the jury or create any prejudice in their minds against appellant. The remarks of opposing counsel complained of by appellant were not materially different from those indulged in the ordinary trial and were not of such a nature as to create prejudice or constitute error.

We have carefully considered all of the assignments of error and propositions of law presented by appellant and, in our opinion, no reversible error is shown by any of them. The judgment of the court below will, therefore, be affirmed.