## HIGHLAND CHURCH OF CHRIST, Appellant,

v.

## Leroy E. POWELL, Tax Assessor-Collector for the City of Abilene et al., Appellee.

### No. 5667.

Court of Appeals of Texas, Eastland.

Jan. 28, 1982.

Rehearing Denied Feb. 18, 1982.

Glenn E. Heatherly, Rhodes, Doscher & Heatherly, Abilene, for appellant.

Ronald H. Clark, Asst. City Atty., Abilene, Shelburne J. Veselka, McCreary & Huey, Austin, Aleta Hacker, Wagstaff, Harrell, Alvis, Batjer, Stubbeman & Seamster, Abilene, for appellee.

McCLOUD, Chief Justice.

Appellees have filed motions seeking a dismissal of this cause urging that the Highland Church of Christ has fully paid the judgment rendered against it in the trial court.

Following a jury trial, the court rendered judgment against Highland Church of Christ for delinquent ad valorem taxes for the years 1978, 1979 and 1980. On December 17, 1981, we affirmed the trial court's judgment in part, and reversed and rendered in part. We now have been provided with evidence which discloses that following the trial court's judgment, the church paid the full judgment rendered by the trial court, which included all taxes, penalties and interest due for the years 1978, 1979 and 1980.

We hold that the cause is now moot. The court in *Otto v. Rau Petroleum Products*, 582 S.W.2d 504 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) stated the applicable rule as follows:

Appellate courts will not decide moot cases or abstractions. *Cain, Brogden & Cain, Inc. v. Int'l Brotherhood of Teamsters*, 155 Tex. 304, 285 S.W.2d 942 (1956). Where a defendant has voluntarily paid the judgment rendered in the trial court, questions involved in the appeal become moot. *Travis County v. Matthews*, 221 S.W.2d 347 (Tex.Civ.App.—Austin 1949, no writ).

When a cause becomes moot upon a defendant paying the judgment pending appeal, the judgment will be set aside and the cause, not merely the appeal, will be dismissed. *Travis County v. Matthews*, supra; *Red Ball Motor Freight, Inc. v. Southern Conference of Teamsters*, 358 S.W.2d 955 (Tex.Civ.App.—Waco 1958, no writ).

It being undisputed that the controversy between the parties no longer exists, it is ordered that the judgment of the trial court be reversed and the cause dismissed.

See *Guajardo v. Alamo Lumber Company*, 159 Tex. 225, 317 S.W.2d 725 (1958).

Our opinion and judgment dated December 17, 1981, are withdrawn and set aside. The judgment of the trial court is reversed and the cause is dismissed.