**HIGHLAND CHURCH OF CHRIST, Petitioner,**

v.

**Leroy E. POWELL, Tax Assessor-Collector et al., Respondents.**

**No. C–1144.**

Supreme Court of Texas.

Oct. 6, 1982.

Rehearing Denied Nov. 10, 1982.

Rhodes, Doscher & Heatherly, Glenn E. Heatherly, Abilene, for petitioner.

Harvey Cargill, Jr., City Atty., Ronald H. Clark, Asst. City Atty., Abilene, for respondents.

BARROW, Justice.

This is a suit to determine the validity of ad valorem taxes assessed on an office building owned by Highland Church of Christ in the City of Abilene. The question before us is whether the court of appeals properly reversed the judgment of the trial court and dismissed the cause as moot after Highland Church of Christ fully paid the judgment rendered against it in the trial court. 633 S.W.2d 324 (Tex.App.). We hold that the judgment was not voluntarily paid by Highland Church of Christ and that the cause was erroneously dismissed. The cause is remanded to the court of appeals to consider the merits of the appeal.

Highland Church of Christ (Highland) filed this suit on February 6, 1981 against the City of Abilene, Abilene Independent School District, West Central Texas Municipal Water District (City), the County of

Taylor and the State. Highland sought a declaration that it was not liable for ad valorem taxes on the property for the years 1978, 1979, and 1980, as well as for future years. A part of the building was used by Highland for its Herald of Truth Radio and TV Ministry and a part was leased to commercial tenants. The taxing authorities counterclaimed for the 1978 and 1979 delinquent taxes and for the 1980 assessed taxes.

The jury found that in 1978 and 1979 "none" of the property was used exclusively as a place of worship, but that in 1980, "35%" of the building was used primarily as a place of regular worship. The trial court concluded there was no evidence to support the jury verdict as to the use of the property in 1980 and granted judgment notwithstanding the verdict in favor of the taxing authorities.

Judgment was, therefore, rendered for City in the sum of $30,899.00 and for the County of Taylor and the State for $5,144.75. Highland filed a cost bond for appeal on May 26, 1981 and the cause was regularly submitted to the court of appeals. After an opinion had been rendered but while the appeal was pending, the taxing authorities filed motions urging that the cause was moot because Highland had fully paid the judgment rendered against it. The court of appeals sustained the motions and dismissed the cause.

■ It is a settled rule of law that when a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot. *Employees Finance Co. v. Lathram,* 369 S.W.2d 927, 930 (Tex. 1963). He thereby waives his right to appeal and the case must be dismissed. *Guajardo v. Alamo Lumber Co.,* 159 Tex. 225, 317 S.W.2d 725 (Tex.1958); *Otto v. Rau Petroleum Products,* 582 S.W.2d 504 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ); Annot., 39 A.L.R.2d 153. The basis for this rule is to prevent a party who has freely decided to pay a judgment from changing his mind and seeking the court's aid in recovering the payment. A party should not be allowed to mislead his opponent into believing that the controversy is over and then contest the payment and seek recovery. Voluntary payment ends the controversy, and appellate courts will not decide moot cases involving abstractions.

Highland paid the judgment in full by a check issued on May 26, 1981 to the Taylor County Tax Assessor-Collector and by one issued the same date to the City Tax Assessor-Collector. Attached to each check was a notation stating, "Payment under protest of judgement in Cause No. 37,005–A, 42 District Court . . . ."

■ Highland urges that the payments were not voluntarily made, but were made pursuant to an agreement with the taxing authorities that the payments would be conditional pending disposition of the appeal. This contention is largely based upon the affidavit of Highland's attorney that the County Tax Assessor-Collector had agreed to conditionally accept the check tendered to it by Highland. The County Tax Assessor-Collector, however, filed an opposing affidavit wherein he denied that he made any such agreement with Highland. By dismissing the appeal, the court of appeals impliedly found that no agreement existed. Highland did not aver that it had made any agreement with City or its attorney. The notation on each check stub is not sufficient in the absence of other circumstances to establish an agreement to conditionally accept payment of the judgment. Therefore, we conclude there was no agreement by the taxing authorities to conditionally accept payment of the judgment.

■ Highland also asserts that the record establishes the payments were not made voluntarily because they were made under implied duress. This contention is based on Highland's sworn statements that its purpose in paying the judgment was to prevent the taxing authorities from taking steps to collect the taxes before the appeal was determined. Highland did not assert that the taxing authorities had actually attempted execution on the judgment at the time of the payment. They sought to avoid the resulting embarrassment should execution issue.

This Court has not directly passed on whether duress may be implied from a statute which merely imposes a penalty and interest for failure to timely pay a tax. We have, however, recognized implied duress in cases dealing with business compulsion where a business is faced with the choice of either paying the tax or risk losing its right to do business while contesting the tax. *See Crow v. City of Corpus Christi,* 146 Tex. 558, 209 S.W.2d 922, 924 (1948); *Union Central Life Insurance Co. v. Mann,* 138 Tex. 242, 158 S.W.2d 477, 479 (1941); *National Biscuit Co. v. State,* 134 Tex. 293, 135 S.W.2d 687, 692–93 (1940); *Austin National Bank v. Sheppard,* 123 Tex. 272, 71 S.W.2d 242, 246 (1934).

We believe the reasoning underlying this rule is applicable. Highland was justifiably anxious to avoid the penalties and interest which would accrue while the case was on appeal. More importantly, it would have been very embarrassing for this religious institution to have execution issued against it. A final decision in this case may give guidance regarding the future tax liability of Highland on this property.

The taxing authorities could not have been misled by Highland's payment. The appeal bond was filed by Highland on May 26, 1981; the record was requested by Highland on the same day, and on May 29, 1981, the attorney for the Water District and the Abilene I.S.D. requested that additional matters be included in the record. Briefs were filed by all parties and the appeal was prosecuted with diligence. Not until after an opinion had been delivered by the court of appeals did the taxing authorities file their motions to dismiss the cause as moot.

We conclude from this record the judgment was not voluntarily paid by Highland. Therefore, the court of appeals erred in reversing the judgment of the trial court and dismissing the cause.

The judgment of the court of appeals is reversed and the cause is remanded to that court for determination of the merits of Highland's appeal.