**BRIARGROVE PARK PROPERTY OWNERS, INC., Appellant,**

v.

**Stephen N. RINER, Appellee.**

**No. 6–92–082–CV.**

Court of Appeals of Texas,
Texarkana.

Dec. 8, 1992.

On Motion for Rehearing Jan. 21, 1993.

Rehearing Denied Feb. 23, 1993.

Alan Scheinthal, Eikenburg & Stiles, Houston, for appellant.

Stephen N. Riner, pro se.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Briargrove Park Property Owners, Inc. appeals the trial court's failure to award attorney's fees and costs in its suit to recover overdue maintenance assessments. Stephen N. Riner raises several cross-points attacking the judgment for the overdue fees awarded to the association. We reverse the judgment denying attorney's fees and remand the case to the trial court for a determination of the amount to be awarded. We find that Riner has waived his cross-points.

This case originated as a suit to quiet title to a lot in the Briargrove Park subdivision. Briargrove Park Property Owners, Inc. was joined in the suit as a defendant because it claimed a lien on the property. Briargrove filed a counterclaim to recover unpaid maintenance assessments that had accrued since 1985. It also sought foreclosure of its lien securing such assessments, and attorney's fees. In June of 1990, Riner, a defendant in the original title suit, offered to pay Briargrove $2,000.00 as full payment for the unpaid maintenance fees. Riner's offer was slightly more than the fees that were due, but it did not include any amount for costs or attorney's fees. Briargrove rejected the offer, and in October of 1991, Riner brought a cross-claim against Briargrove.

The original action was settled in November of 1991, with title to the lot being awarded to Riner. The cross-claim for the unpaid assessments went to trial, and the court rendered judgment awarding Briar-grove $2,018.79 for past due fees and interest. The court, however, held that Riner had not personally breached the assessment covenant, and rendered judgment for the assessments *in rem*, i.e. against the property, rather than rendering a personal judgment against Riner. The court further held that Briargrove was not a prevailing party and thus should not recover attorney's fees. An order of sale was issued, but Riner paid the judgment to avoid the sale.

■ We first decide whether Briargrove has waived its appeal, as Riner alleges, by accepting payment of the amount due under the trial court's judgment.

■ Generally, a litigant cannot prosecute an appeal once he has accepted the benefits of a judgment. *Biggs v. Biggs*, 553 S.W.2d 207, 209 (Tex.Civ.App.–Houston [14th Dist.] 1977, writ dism'd). But, where the appeal cannot possibly affect the appellant's right to the benefit secured under the judgment, an appeal may be taken. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950); *Caranas v. Jones*, 437 S.W.2d 905 (Tex.Civ.App.–Dallas 1969, writ ref'd n.r.e.). Briargrove correctly points out that it only contests the court's failure to award attorney's fees, and that the appeal can in no event affect the trial court's judgment for the past due assessments. In *Baptist Memorial Hosp. System v. Bashara*, 685 S.W.2d 352 (Tex.App.–San Antonio 1984), *aff'd*, 685 S.W.2d 307 (Tex.1985), the court held that an appeal of attorney's fees was not barred by the appellant's acceptance of the judgment for damages. *Baptist Memorial Hosp. System v. Bashara*, 685 S.W.2d at 354. We conclude that Briargrove is not precluded from appealing the denial of attorney's fees.

■ Briargrove contends that the trial court erred in finding that it was not a prevailing party and in failing to award attorney's fees and costs. The claim for attorney's fees is based on TEX.PROP.CODE ANN. § 5.006 (Vernon 1984), which provides in Subsection (a):

In an action based on breach of a restrictive covenant pertaining to real property,

the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim.

The statute does not define "prevailing party." In construing another rule that apportions trial costs, our courts have held that a "successful party" is one who obtains a judgment vindicating a civil claim of right. *Mixon v. National Union Fire Ins. Co.,* 806 S.W.2d 332 (Tex.App.–Fort Worth 1991, writ denied); *Texas Dept. of Human Resources v. Orr,* 730 S.W.2d 435 (Tex.App.–Austin 1987, no writ); *see also* TEX.R.CIV.P. 131. In this case, Briargrove obtained a judgment that vindicated its claim for the full amount of overdue maintenance fees and thus should be considered a successful or prevailing party. Even if it can be said that by recovering a judgment *in rem* rather than a personal judgment, Briargrove did not prevail on all phases of its claim, it did prevail on the essential claim that the restrictive covenants had been breached by nonpayment. That is sufficient to make it a prevailing party within the statute. *See City of Houston v. Muse,* 788 S.W.2d 419 (Tex.App.–Houston [1st Dist.] 1990, no writ).

Because Briargrove Park was a prevailing party, an award of attorney's fees under Section 5.006 is mandatory. *Inwood North Homeowners' Ass'n, Inc. v. Meier,* 625 S.W.2d 742 (Tex.Civ.App.–Houston [1st Dist.] 1981, no writ).

■ Riner contends that his $2,000.00 tender to Briargrove in June of 1990 relieved him from an obligation to pay attorney's fees and costs, since his offer to settle was refused. He cites *Diversified, Inc. v. Walker,* 702 S.W.2d 717 (Tex.App.–Houston [1st Dist.] 1985, writ ref'd n.r.e.), as support. That decision construes TEX. BUS. & COM.CODE ANN. § 3.604 (Vernon 1968), which relates to the payment of instruments and which releases a party who pays an instrument holder from any subsequent liability for costs and attorney's fees. While policy arguments might support a similar release under Section 5.006 to encourage settlement of disputes over restrictive covenants, the statute contains no such release.

■ Briargrove contends that we may render judgment for the attorney's fees because the testimony on the fee amounts, $8,000.00 for trial and $3,000.00 for appeal, was undisputed. It cites *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880 (Tex.1990), to support its argument. But that case does not mandate an award of the fees claimed in every case where testimony as to the amount of attorney's fees is uncontradicted. *Id.* at 882. Moreover, Section 5.006 of the Property Code requires the court awarding attorney's fees to consider the time and labor required; the novelty and difficulty of the questions; the expertise, reputation, and ability of the attorney; and any other factor.

Because we are not authorized to find facts, we reverse the judgment denying attorney's fees and remand the cause to the trial court for a determination of reasonable attorney's fees and costs in accordance with the factors enumerated in Section 5.006 of the Property Code.

■ Riner raises several cross-points complaining of the judgment awarding Briargrove damages for the unpaid maintenance assessments. Since Riner paid the full amount of the trial court's judgment after the property had been posted for sale, we decide whether he thereby waived his appeal.

A judgment debtor who voluntarily pays and satisfies a judgment against him waives his right to appeal. *Highland Church of Christ v. Powell,* 640 S.W.2d 235, 236 (Tex.1982). Riner did not file a supersedeas bond or make a deposit in lieu of bond to stay execution on the property. *See* TEX.R.APP.P. 47(a), 48. As Riner voluntarily paid the judgment against the property, he waived his right to appeal that judgment.

Briargrove is entitled to attorney's fees as provided in Section 5.006 of the Property Code, since it prevailed on its claim to recover unpaid maintenance assessments owed under a restrictive covenant. We reverse the judgment denying attorney's fees and remand the cause to the trial court for a determination of reasonable attorney's fees and costs.

Reversed and remanded.

## ON MOTION FOR REHEARING

In his motion for rehearing, Stephen Riner insists that the common law rule of tender prohibits Briargrove's recovery of attorney's fees. As noted in our original opinion, Riner tendered Briargrove $2,000.00, which was more than the assessments but which did not include costs or attorney's fees.

Generally, a tender for the full amount of an obligation *before suit is filed* relieves the obligor of any liability for costs of any subsequent suit on the obligation. 58 TEX.JUR.3D *Payment* § 17 (1988). When attorney's fees are authorized on the obligation, however, the tender is ineffective unless it includes the attorney's fees. *H.B. Zachry Co. v. Ceco Steel Products Corp.,* 404 S.W.2d 113, 135 (Tex.Civ.App.–Eastland 1966, writ ref'd n.r.e.); *Kinzbach Tool Co. v. Corbett–Wallace Corp.,* 145 S.W.2d 235, 240 (Tex.Civ.App.–Galveston 1940), *rev'd on other grounds,* 138 Tex. 565, 160 S.W.2d 509 (1942); 58 TEX.JUR.3D *Payment* § 9 (1988). Riner's tender was made after Briargrove filed its counterclaim to recover the assessments, costs, and attorney's fees, and the tender did not include the costs or attorney's fees. Thus, the tender was ineffective.

Riner also objects to our statement in the opinion that he was awarded the property. He contends that he only holds an interest in the property and has possession of the property. In his first amended answer to Briargrove's counterclaim, Riner stated that the property was his homestead. Nevertheless, since the judgment did not award the assessments or fees against Riner personally, but against the property, the character of his interest in the property and whether he received that interest as an award in the lawsuit affecting the property or from some other source is not material to this appeal.

The motion for rehearing is overruled.