Stephen N. RINER, Petitioner,

v.

BRIARGROVE PARK PROPERTY OWNERS, INC., Respondent.

No. D–3637.

Supreme Court of Texas.

June 30, 1993.

Rehearing Overruled Sept. 10, 1993.

Steve N. Riner, Houston, for petitioner.

Donald Michael Stull, Houston, for respondent.

PER CURIAM.

In this case, we consider whether a party waives his right to appeal a judgment if he pays that judgment after its execution. The court of appeals held that a party waives his right to appeal when he pays judgment even after its execution, 847

S.W.2d 265. We reverse and remand the case to the court of appeals.

This case originally arose out of a suit to quiet title of a lot in the Briargrove Park subdivision. Steven Riner (Riner) was a defendant claiming ownership of the lot in question. Briargrove Park Property Owners, Inc. (Briargrove) was joined in the suit as a defendant because it claimed a lien on the property for unpaid maintenance assessments. Briargrove filed a cross-claim against Riner to recover the unpaid maintenance assessments.

The quiet title suit settled in November 1991, with title to the lot being awarded to Riner. After a bench trial on Briargrove's cross-claim, the trial court rendered judgment for Briargrove in the amount of $2,018.79, but did not award Briargrove attorney's fees. After Briargrove obtained a writ of execution and an order of sale was issued, Riner paid judgment to avoid the sale of the property. Both parties appealed, and the court of appeals reversed and remanded, holding that (1) Briargrove was entitled to attorney's fees and (2) Riner's appeal was moot because he paid the judgment prior to appeal. 847 S.W.2d at 267.

Riner asserts that a party does not waive his right to appeal by paying the judgment after its execution. We agree.

Usually, when a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot. *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex.1982). Thus, the judgment debtor waives his right to an appeal and the case is dismissed as moot. 640 S.W.2d at 236. This rule is intended to prevent a party who voluntarily pays a judgment from later changing his mind and seeking the court's aid in recovering payment. 640 S.W.2d at 236.

However, if a party does not voluntarily pay a judgment, his appeal is not moot. 640 S.W.2d at 236. A party does not voluntarily pay a judgment if he satisfies that judgment after execution of a judgment.[1]

1. This is the position of all but one of the other jurisdictions that have considered this issue. *See* Annotation, *Defeated Party's Payment or Satisfaction of, or Other Compliance with, Civil Judgment as Barring Right of Appeal*, 39 A.L.R. 146, 166–68 (1955); *see, e.g., Carlucci v. Duck's*

*Cravens v. Wilson,* 48 Tex. 321, 323 (1877); *Stylemark Const. v. Spies,* 612 S.W.2d 654, 656 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). In this case, the record indicates that Riner paid the judgment after Briargrove sought to execute its judgment against his property on July 28, 1992. Thus, we hold that Riner did not waive his appeal.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this court, without hearing oral argument, grants Riner's application for writ of error, reverses only that portion of the court of appeals dismissing Riner's appeal, and remands the cause to that court for further consideration.[2]

*Real Estate, Inc.,* 220 Va. 164, 257 S.E.2d 763 (1979), *contra, Sisk v. Edmonston,* 163 Kan. 394, 182 P.2d 891 (1947).

**2.** We will not address Riner's other points of error until the court of appeals has had a chance to address the merits of Riner's appeal on remand.