BALCONES-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-085-CV




BALCONES WOODS CLUB, INC.,



 
 APPELLANT


vs.





GREG DANIELS AND DIMITRY WANDA,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 92-05675, HONORABLE JOE B. DIBRELL, JR., JUDGE PRESIDING



 






 Balcones Woods Club, Inc. ("Balcones") appeals from the trial court's refusal to
award attorney's fees and costs in an action Balcones brought to enforce a restrictive covenant. 
We will affirm the judgment.

 Greg Daniels is the tenant and Dimitry Wanda is the owner of a residential property
in the Balcones Woods subdivision. Balcones is the homeowners association authorized to enforce
restrictive covenants applicable to property in the subdivision. Daniels and Wanda's property is
subject to a deed restriction that prohibits construction of improvements without prior approval
of the subdivision's Architectural Control Committee (the "Committee"). (1) 

 Although the record reflects a history of problems between Daniels and the
Committee, only the following facts are relevant to this appeal. In early 1992, Daniels began a
covered-patio project on the property without prior submission of a plan for Committee approval. 
Balcones' counsel, by letter dated April 11, 1992, demanded the patio project be stopped until
Daniels submitted a plan and the Committee approved it. Daniels refused to comply. After
attempting to resolve the matter otherwise, Balcones filed suit seeking injunctive relief, civil
damages, attorney's fees, and costs. Balcones obtained a temporary restraining order on April
22, 1992. Although an order is not contained in the record, apparently the temporary restraining
order was converted into a temporary injunction. Balcones alleged Daniels violated the temporary
restraining order; however, it did not pursue this allegation to obtain a ruling for contempt. After
an unsuccessful attempt to resolve the dispute through mediation, the parties submitted to a bench
trial on the merits.

 The trial court denied Balcones' requested relief, dissolved the temporary
injunction, refused to award attorney's fees, and ordered that all parties pay their own costs. (2) 
Balcones appeals only the trial court's refusal to award attorney's fees and costs.

 The trial court made findings of fact and conclusions of law. After setting out the
legal description of the property, the parties, and the relevant deed provisions, the trial court
found that:



4. Greg Daniel[s] commenced actual improvements on the lot in question
before submitting any plans for approval by Balcones Woods Club, Inc.


5. Greg Daniel[s] submitted a plan to Balcones Woods Club, Inc. for the
improvements to his patio attached to the rear of his house subsequent to
Plaintiff's [Balcones] filing of this action for injunctive relief.


6. More than 30 days have elapsed since Greg Daniel[s] submitted this plan.


7. Plaintiff has not disapproved this plan.


8. Plaintiff and those it represents have not and will not suffer any irreparable
injury as a result of Greg Daniel[s'] actions.



From these findings, the trial court concluded that:



1. Plaintiff is not entitled to injunctive relief.


2. Defendant, Greg Daniel[s], should have pre-cleared his plans before
starting actual improvements.


3. The trial court has discretion as to whether attorney's fees and court costs
are awarded.


4. Plaintiff should not be awarded attorney's fees.


5. Plaintiff should not be awarded court costs.



The trial court apparently concluded that, although Daniels was in violation of the restriction
initially, he subsequently submitted a plan to the Committee. When the Committee failed to
expressly reject the plan within thirty days, the plan was deemed approved. (3)

 In its first two points of error, Balcones argues that the trial court erred in failing
to award attorney's fees and costs under Property Code section 5.006 and Texas Rule of Civil
Procedure 131. Balcones does not complain of the trial court's findings of fact on appeal. 
Instead, Balcones argues that, based on finding number four and conclusion number two, it is
entitled to an award of attorney's fees and costs. 

 Balcones' claim for attorney's fees is based upon section 5.006(a) of the Property
Code which provides:



In an action based on breach of a restrictive covenant pertaining to real property,
the court shall allow to a prevailing party who asserted the action reasonable
attorney's fees in addition to the party's costs and claim.



Tex. Prop. Code Ann. § 5.006(a) (West 1984) (emphasis added). This section has been construed
to provide a mandatory award to a prevailing plaintiff. Nelson v. Jordan, 663 S.W.2d 82, 88
(Tex. App.--Austin 1983, writ ref'd n.r.e.); Inwood N. Homeowners' Ass'n, Inc. v. Meier, 625
S.W.2d 742, 743-44 (Tex. App.--Houston [1st Dist.] 1981, no writ). Balcones also argues it
should be awarded costs under Texas Rule of Civil Procedure 131, which provides, "The
successful party to a suit shall recover of his adversary all costs incurred therein, except where
otherwise provided." 

 The controlling issue in this cause is whether Balcones is a "prevailing" or
"successful" party. A "prevailing" or "successful party" is "one who obtains a judgment
vindicating a civil claim of right." See Briargrove Park Property Owners, Inc. v. Riner, 847
S.W.2d 265, 267 (Tex. App.--Texarkana 1992), rev'd on other grounds, 36 Tex. Sup. Ct. J. 1082
(June 30, 1993) (citing Mixon v. National Union Fire Ins. Co., 806 S.W.2d 332 (Tex. App.--Fort
Worth 1991, writ denied), and Texas Dep't of Human Resources v. Orr, 730 S.W.2d 435 (Tex.
App.--Austin 1987, no writ)). Stated otherwise, a party's entitlement to attorney's fees "is
dependent on whether the prevailing party has proven a valid claim upon which a judgment is
obtained." Freedman v. Briarcroft Property Owners, Inc., 776 S.W.2d 212, 218 (Tex.
App.--Houston [14th Dist.] 1989, writ denied).

 In the immediate cause, Balcones failed to obtain any relief in the trial court's
judgment. Accordingly, it is neither a "prevailing party" nor a "successful party" and is not
entitled to recover attorney's fees and costs. See Townplace Homeowners' Ass'n, Inc., v.
McMahon, 594 S.W.2d 172, 177 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.);
cf. Briargrove Park Property Owners, 847 S.W.2d at 267 (judgment for past-due maintenance fees
made plaintiff prevailing party under section 5.006); City of Houston v. Muse, 788 S.W.2d 419,
424 (Tex. App.--Houston [1st Dist.] 1990, no writ) (finding of violation of covenant and grant of
permanent injunction barring some activities made city prevailing party); Whorton v. Point
Lookout West, Inc., 750 S.W.2d 309, 311-12 (Tex. App.--Beaumont 1987, writ denied)
(Brookshire, J., dissenting) (partial injunction should entitle plaintiff to fees as a prevailing party
under section 5.006).

 We reject Balcones' argument that, because some findings and conclusions appear
to be favorable, it is a prevailing party. See Tate v. Wiggins, 583 S.W.2d 640, 645 (Tex. Civ.
App.--Waco 1979, no writ); see also Stewart v. Group Health & Life Ins. Co., 555 S.W.2d 531,
534 (Tex. Civ. App.--Waco 1977, no writ). We overrule Balcones' first and second points of
error.

 In a third point of error, raised initially in its supplemental brief, Balcones argues
that the trial court's refusal to award damages was against the great weight and preponderance of
the evidence. (4) Balcones does not object to the work as completed. Accordingly, Balcones' only
claim is for damages occasioned by Daniels' failure to follow the pre-approval procedures.

 To prevail on a factual-sufficiency challenge to an adverse finding on which it had
the burden of proof, Balcones must show that the finding is against the great weight and
preponderance of the evidence. See Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766
S.W.2d 264, 275-76 (Tex. App.--Amarillo 1988, writ denied). We must consider and weigh all
the evidence and should set aside the judgment only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor
Co., 715 S.W.2d 629 (Tex. 1986); see generally William Powers, Jr. & Jack Ratliff, Another
Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515 (1991).

 Balcones offered as evidence of damages testimony that (1) a neighbor was
concerned about the "safety and well being of [his] property"; (2) Daniels refused to obtain
approval of his plan, was unreceptive to Committee contacts, and threatened to paint his house
an outrageous color; and (3) Daniels violated the temporary restraining order. Daniels offered
evidence of unenforced violations of the restrictive covenants in the neighborhood and described
the nature of his projects and his attempts to comply with the Committee's demands, including
his submission of a rough plan of his improvements to the Committee. We conclude that the trial
court's refusal to find any damages resulting from Daniels' failure to obtain pre-approval of his
project is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. We overrule Balcones' third point of error.

 We affirm the trial court's judgment.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: September 15, 1993

Do Not Publish
1. This restriction provides:


 Section 1. Review by Committee. No improvements shall be
erected, placed or altered, on any lot, nor shall any landscaping be
performed unless complete plans, specifications, and lot plans therefor,
showing exterior design, height, building material and color scheme
thereof, the location of the structure plotted horizontally and vertically,
the location of the driveways, the general plan of landscaping, fencing,
walls, and the grading plan shall have been submitted to and approved in
writing by the Architectural Control Committee, and a copy of such
plans, specifications, and lot plans as finally approved, deposited with
the Architectural Control Committee.
2. The trial court initially orally announced an award of $100 in civil damages to Balcones
and rendered judgment accordingly. Subsequently, the trial court amended its judgment to
delete the civil damages. See Tex. R. Civ. P. 329b. We conclude that the amended final
judgment, as the ultimate expression of the trial court's decision, controls in this appeal. See
Tex. R. Civ. P. 301; Wilmer-Hutchins Indep. Sch. Dist. v. Blackwell, 529 S.W.2d 575, 577
(Tex. Civ. App.--Dallas 1975, writ dism'd). Similarly, the trial court twice amended its
findings of fact and conclusions of law in response to the parties' objections. See Tex. R. Civ.
P. 298. Again, the latest findings and conclusions control on appeal; we must disregard the
superseded findings and conclusions. See Robinson v. Faulkner, 422 S.W.2d 209, 213-14
(Tex. Civ. App.--Dallas 1967, writ ref'd n.r.e.); Hood v. Adams, 334 S.W.2d 206, 208 (Tex.
Civ. App.--Amarillo 1960, no writ). We will review the trial court's judgment as reflected in
the final judgment, rendered December 16, 1992, and the second amended findings of fact and
conclusion of law, made on December 23, 1992.
3. [3] The applicable deed provision provides:


 Section 3. Procedures. The Architectural Control Committee
shall approve or disapprove all plans and requests within thirty (30) days
after submission. In the event the Architectural Control Committee fails
to take any action within thirty days after requests have been submitted,
approval will be presumed, and this procedure will be deemed to have
been fully complied with.
4. Although Balcones has not properly moved for leave to amend its brief to add this point
of error, we will consider the merits of this argument. See Faour v. Koenig, 662 S.W.2d 751
(Tex. App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.); Poole v. Missouri Pac. R.R. Co.,
638 S.W.2d 10, 13 (Tex. App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.).