NO. 07-96-0356-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 22, 2003

_____

LAWRENCE JONES, JR., ET AL., APPELLANTS

V.

HOUSTON INDEPENDENT SCHOOL DISTRICT, ET AL., APPELLEES

_____

FROM THE 80TH DISTRICT COURT OF HARRIS COUNTY;

NO. 93-60708; HONORABLE LEE DUGGAN, JR., JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

<u>MEMORANDUM OPINION</u>

Lawrence Jones, Jr. and Lillie B. Jones appeal from a judgment in favor of Houston Independent School District, Harris County Education District, City of Houston and State of Texas/County of Houston.  We dismiss the appeal.

On June 19, 2003, Houston Independent School District and Harris County Education District, City of Houston and State of Texas, County of Harris, appellees, filed a Motion to Dismiss the Appeal as Moot, indicating that the judgment in the trial court had been voluntarily satisfied. The motion is supported by affidavits. See Miga v. Jensen, 96 S.W.3d 207, 212 (Tex. 2002).

By letter dated July 18, 2003, the clerk notified the parties that the Court would consider the Motion to Dismiss after August 8, 2003, and that all objections or replies should be filed on or before August 7, 2003. No response has been received from appellants Lawrence Jones, Jr. and Lillie B. Jones.

The existence of a "live controversy" is an essential component of subject matter jurisdiction. See State Bar of Texas v. Gomez, 891 S.W.2d 243, 244 (Tex.1994). If at any stage of the proceeding there ceases to be an actual controversy between the parties, a case becomes moot. See National Collegiate Athletic Ass'n v. Jones, 1 S.W.3d 83, 86 (Tex.1999). When a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot. See Riner v. Briargrove Park Property Owners, Inc., 858 S.W.2d 370, 370-71 (Tex. 1993); Highland Church of Christ v. Powell, 640 S.W.2d 235, 236 (Tex. 1982).

The motion and its affidavits are clear. The affidavits prove that the issues asserted by appellants have become moot.

The appeal is dismissed for want of jurisdiction.

Phil Johnson
Chief Justice