

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-346-CV

------------

JAMES NEAL PIPES, JR.                                           APPELLANT

V.

SHERI LYN PIPES                                               APPELLEE

------------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant James Neal Pipes Jr., pro se, appeals the trial court's order denying his motion to terminate spousal maintenance. We dismiss.

James and appellee Sheri Lyn Pipes were married on July 16, 1994. Prior to his marriage to Sheri, James served in the Army and Marine Corps. In 2003, the Veterans Administration determined that James had a service related

------------

[1] *See* TEX. R. APP. P. 47.4.

disability and was unable to work. James then began receiving VA and Social Security disability benefits.

James and Sheri separated in June 2006, and on December 12 of that year, the trial court entered an agreed decree of divorce. Based on the length of the marriage, and Sheri's inability to provide for her minimum reasonable needs, the decree awarded spousal maintenance to Sheri in the amount of $1,204.00 per month beginning on October 1, 2006 and continuing until the death of either party, Sheri's remarriage, or October 1, 2009.

On May 10, 2007, James, pro se, filed a motion to terminate spousal maintenance alleging that it had been awarded solely based on his disability benefits in violation of section 8.055 of the family code. The trial court held a hearing on the motion; James was the only witness to testify. During the hearing, James argued that there had been a material change in circumstances and he could no longer afford to pay spousal maintenance. However, he introduced no evidence or testimony to support his claim. To the contrary, James testified that his income had not changed since the divorce except to the extent that the disability benefits he had been receiving since May 2003 had been reduced in an amount to account for Sheri no longer being his dependent.

On September 20, 2007, the trial court rendered its order denying James's motion to terminate spousal maintenance.

Soon thereafter, Sheri filed a petition for enforcement of spousal maintenance alleging that James had failed to make monthly spousal maintenance payments pursuant to the decree beginning on October 1, 2006 and continuing through October 1, 2007. She also sought attorney's fees necessary to enforce the decree.

On October 23, 2007, the trial court found James "guilty" of violating the decree and in arrears in the amount of $11,719.80. The trial court ordered James confined in the Denton County jail for sixty days, or until he paid Sheri the $11,719.80 in arrears and $1,741.60 in attorney's fees.

On January 4, 2008, however, James and Sheri announced that they had reached an agreement as evidenced by their signatures on an "Agreed Order on Petition for Enforcement of Spousal Maintenance." In the Agreed Order, James expressly agreed that he had the ability to comply with the prior order of the court, that he was in arrears for spousal maintenance in the amount of $12,923.80, that he would make monthly payments to Sheri on the arrears and attorney's fees, and that he would "continue to pay spousal maintenance as ordered by the Court in the Final Decree of Divorce entered by the Court on December 12, 2006."

In this appeal from the September 20, 2007, order denying James's motion to terminate spousal maintenance, James raises three issues in which

3

he contends the trial court abused its discretion in denying his motion because there was sufficient evidence of a material and substantial change, his only source for paying spousal maintenance is his disability benefits, and the agreed decree of divorce is pre-empted by federal statutes.  Sheri has filed a motion to dismiss the appeal contending that it was rendered moot by the January 4, 2008 agreed order on her petition to enforce spousal maintenance.

The Supreme Court of Texas has recognized that as a general rule, a judgment debtor's voluntary payment and satisfaction of an adverse judgment moots the controversy, waives the debtor's rights to appeal and requires dismissal of the case.[2]  We hold that James's agreement to pay Sheri the arrears and attorney's fees for spousal maintenance, and to continue to pay the spousal maintenance ordered in the December 12, 2006 agreed decree of divorce, moots his appeal from the trial court's denial of his motion to terminate spousal maintenance.

---

[2] *Miga v. Jensen*, 96 S.W.3d 207, 211 (Tex. 2002); *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982); *Riner v. Briargrove Park Prop. Owners, Inc.,* 858 S.W.2d 370, 370 (Tex. 1993).

Having concluded that the issues raised in this appeal are moot, we dismiss the appeal without reaching the merits of James's complaints.[3]

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED:  July 3, 2008

---

[3] *See Miga*, 96 S.W.3d at 212 (Tex. 2002)(recognizing the general rule that payment made on a judgment will render an appeal moot); *Highland Church of Christ*, 640 S.W.2d at 236 (same); *Riner,* 858 S.W.2d at 370 (same).