COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-346-CV

 

 

JAMES NEAL PIPES, JR.                                                       APPELLANT

 

                                                   V.

 

SHERI LYN PIPES                                                                   APPELLEE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant James Neal Pipes
Jr., pro se, appeals the trial court=s order denying his motion to terminate spousal maintenance.  We dismiss.








James and appellee Sheri Lyn
Pipes were married on July 16, 1994. 
Prior to his marriage to Sheri, James served in the Army and Marine
Corps.  In 2003, the Veterans
Administration determined that James had a service related disability and was
unable to work.  James then began
receiving VA and Social Security disability benefits. 

James and Sheri separated in
June 2006, and on December 12 of that year, the trial court entered an agreed
decree of divorce.  Based on the length
of the marriage, and Sheri=s inability to provide for her minimum reasonable needs, the decree
awarded spousal maintenance to Sheri in the amount of $1,204.00 per month
beginning on October 1, 2006 and continuing until the death of either party,
Sheri=s remarriage, or October 1, 2009. 


On May 10, 2007, James, pro
se, filed a motion to terminate spousal maintenance alleging that it had been
awarded solely based on his disability benefits in violation of section 8.055
of the family code.  The trial court held
a hearing on the motion; James was the only witness to testify.  During the hearing, James argued that there
had been a material change in circumstances and he could no longer afford to
pay spousal maintenance.  However, he
introduced no evidence or testimony to support his claim.  To the contrary, James testified that his
income had not changed since the divorce except to the extent that the
disability benefits he had been receiving since May 2003 had been reduced in an
amount to account for Sheri no longer being his dependent.

On September 20, 2007, the
trial court rendered its order denying James=s motion to terminate spousal maintenance.








Soon thereafter, Sheri filed
a petition for enforcement of spousal maintenance alleging that James had
failed to make monthly spousal maintenance payments pursuant to the decree
beginning on October 1, 2006 and continuing through October 1, 2007.  She also sought attorney=s fees necessary to enforce the decree.  

On October 23, 2007, the
trial court found James Aguilty@ of violating the decree and in arrears in the amount of
$11,719.80.  The trial court ordered
James confined in the Denton County jail for sixty days, or until he paid Sheri
the $11,719.80 in arrears and $1,741.60 in attorney=s fees. 

On January 4, 2008, however, James
and Sheri announced that they had reached an agreement as evidenced by their
signatures on an AAgreed Order
on Petition for Enforcement of Spousal Maintenance.@  In the Agreed Order, James
expressly agreed that he had the ability to comply with the prior order of the
court, that he was in arrears for spousal maintenance in the amount of
$12,923.80, that he would make monthly payments to Sheri on the arrears and attorney=s fees, and that he would Acontinue to pay spousal maintenance as ordered by the Court in the
Final Decree of Divorce entered by the Court on December 12, 2006.@








In this appeal from the
September 20, 2007, order denying James=s motion to terminate spousal maintenance, James raises three issues
in which he contends the trial court abused its discretion in denying his
motion because there was sufficient evidence of a material and substantial
change, his only source for paying spousal maintenance is his disability
benefits, and the agreed decree of divorce is pre-empted by federal statutes.  Sheri has filed a motion to dismiss the
appeal contending that it was rendered moot by the January 4, 2008 agreed order
on her petition to enforce spousal maintenance.

The Supreme Court of Texas
has recognized that as a general rule, a judgment debtor=s voluntary payment and satisfaction of an adverse judgment moots the
controversy, waives the debtor=s rights to appeal and requires dismissal of the case.[2]  We hold that James=s agreement to pay Sheri the arrears and attorney=s fees for spousal maintenance, and to continue to pay the spousal
maintenance ordered in the December 12, 2006 agreed decree of divorce, moots
his appeal from the trial court=s denial of his motion to terminate spousal maintenance.








Having concluded that the issues raised in this appeal are moot, we
dismiss the appeal without reaching the merits of James=s complaints.[3]


 

PER CURIAM

 

PANEL F: 
CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DELIVERED:  July 3, 2008











[1]See TEX. R.
APP. P. 47.4.





[2]Miga
v. Jensen, 96 S.W.3d 207, 211 (Tex. 2002); Highland
Church of Christ v. Powell, 640 S.W.2d 235, 236 (Tex. 1982); Riner v.
Briargrove Park Prop. Owners, Inc., 858 S.W.2d 370, 370 (Tex. 1993).





[3]See
Miga, 96 S.W.3d at 212 (Tex. 2002)(recognizing the general rule that
payment made on a judgment will render an appeal moot); Highland Church of
Christ, 640 S.W.2d at 236 (same); Riner, 858 S.W.2d at 370 (same).