COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In re Vincent Paul Young, Jr.

Appellate case number:    01-13-01011-CV

Trial court case number:   2012-58323

Trial court:              281st District Court of Harris County

Relator, Vincent Paul Young, Jr., has filed a First Amended Motion for Temporary Relief, "in order to provide the Court with information regarding Relator's inability to proceed pursuant to Texas Rule of Appellate Procedure 24." In his motion, Young states that he did not request a stay of enforcement of the foreign judgment pursuant to section 35.006 of the Texas Civil Practice and Remedies Code because "those provisions also require the posting of security for satisfaction of the judgment." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.006 (West 2008). Young further argues that he "does not have the financial means to post a bond as required by [section 35.006] and Texas Rules of Appellate Procedure 24 and 52.10(b)" and that it is "impossible for Relator to post the necessary bond." Finally, Young states that he "is concerned that this Court might conclude that Respondent's successful collection of the judgment will destroy the subject matter of the litigation and render Relator's appeal moot." Relator seeks an "order enjoining Respondent from proceeding with the collection of the judgment."

Young's motion fails to provide any evidence indicating that he has sought a bond from the trial court, what amount of bond was set by the trial court if he sought such a bond, what his current net worth is, whether he requested a lower amount of security from the trial court, and whether the bond required by the trial court will cause him "substantial economic harm." *See* TEX. R. APP. P. 24.2(a), (b), (c). Young further fails to indicate that he has pursued appellate review of the bond amount set by the trial court pursuant to Texas Rule of Appellate Procedure 24. *See* TEX. R. APP. P. 24.4. Finally, Young fails to demonstrate how involuntary execution of a monetary judgment would render an appeal moot. *See Miga v. Jensen*, 96 S.W.3d 207, 211–12 (Tex. 2002); *Riner v. Briargrove Park Prop. Owners, Inc.*, 858 S.W.2d 370, 370–71 (Tex. 1993).

The issuance of an extraordinary writ, such as a writ of injunction, is not authorized when there is another adequate remedy. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989); *In re Patel*, No. 01-13-00330-CV, 2013 WL 3422026, at *1 (Tex. App.—Houston [1st Dist.] July 2, 2013, orig. proceeding). Further, we may issue a writ of injunction only if necessary to enforce or protect our jurisdiction. *See Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, no writ). Accordingly, Young's amended motion for temporary relief is DENIED without prejudice to his pursuit of temporary relief pursuant to Rule 24 or other theories in law or equity should that prove ineffective.

It is so ORDERED.

Judge's signature:/s/ Justice Michael Massengale
⌧ Acting individually ☐ Acting for the Court

Date: December 12, 2013