**Opinion issued October 6, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00933-CV

————————————

**J & J CONTAINER MANUFACTURING, INC., Appellant**

**V.**

**CINTAS- R. U.S., L.P., Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1044425**

---

### MEMORANDUM OPINION

J & J Container Manufacturing, Inc. ("J & J") appeals a default judgment entered in favor of Cintas- R. U.S., LP ("Cintas"). J & J argues that due to improper service, the trial court lacked jurisdiction and the default judgment is therefore void. We reverse and remand.

## Background

On February 27, 2014, Cintas filed an Original Petition seeking actual and liquidated damages for an alleged breach of contract by J & J. In the petition, Cintas asserted that J & J "failed to appoint or maintain a registered agent in [Texas] and its registered agent, Anthony Lewis Cook, cannot with reasonable diligence be found at the registered office at 6124 W. Little York, Houston, Texas 77091. Therefore, the Secretary of State shall be an agent of J & J Container Manufacturing, Inc. upon whom process may be served."

On April 7, 2014, the Secretary of State attempted to effect service via certified mail, return receipt requested, to J & J's registered agent at 6124 W. Little York, Houston, Texas 77091. On April 23, 2014, the process was returned to the Secretary of State with the notation "Return to Sender, Not Deliverable As Addressed, Unable To Forward."

By May 21, 2014, J & J had not answered the petition, and the return had been on file with the clerk of the court for more than 10 days. *See* TEX. R. CIV. P. 107(h). Cintas moved for default judgment. On June 3, 2014, the trial court entered default judgment against J & J, holding J & J liable for payment of actual and liquidated damages, pre- and post-judgment interest, and fees and costs.

On July 7, 2014, the County Clerk's office issued a writ of execution. The Constable executed the writ on August 4, 2014 at 1526 Desoto, Houston, Texas

77091, and collected $19,288 from J & J in full satisfaction of the default judgment. J & J timely filed a notice of restricted appeal.

## Discussion

By three issues, J & J asserts that the trial court's default judgment is invalid because Cintas failed to strictly comply with service requirements and the trial court therefore lacked jurisdiction over J & J.

### A. Standard of Review

Absent a need for evidence, a default judgment is reviewed de novo according to the record as it existed when the default judgment was entered. *Furst v. Smith*, 176 S.W.3d 864, 868–69 (Tex. App.—Houston [1st Dist.] 2005, no pet.). In order to prevail on a restricted appeal, the appellant "must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 30.

## B. Applicable Law

A plaintiff may move for default judgment against a defendant at any time after an answer was required if that defendant did not previously file an answer and the citation with proof of service has been on file with the clerk of the court for at least ten days. TEX. R. CIV. P. 107, 239. Before rendering a default judgment, the record must reflect that the trial court has jurisdiction over the parties and the subject matter and that the case is ripe for judgment. *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968)). "Unless the record affirmatively shows, 'at the time the default judgment is entered,' either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to enter the default judgment against the defendant." *Id.* (quoting *Am. Universal Ins. Co. v. D.B. & B., Inc.*, 725 S.W.2d 764, 766 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.)).

"In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment." *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.). "The record must reflect strict compliance with the rules relating to the issuance,

4

service, and return of citation when a default judgment is directly attacked." *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex. App.— Houston [1st Dist.] 2003, no pet.); *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

## C.    Analysis

### 1.    J & J's appeal is not moot.

Before reaching the merits, we address Cintas's contention that J & J's appeal is moot because J & J paid the judgment in full. "Usually, when a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot." *Riner v. Briargrove Park Prop. Owners, Inc.*, 858 S.W.2d 370, 370 (Tex. 1993) (per curiam) (citing *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982)). "This rule is intended to prevent a party who voluntarily pays a judgment from later changing his mind and seeking the court's aid in recovering payment." *Id.*

However, an appeal is not moot if a judgment debtor does not voluntarily pay a judgment debt. *Id.* "A party does not voluntarily pay a judgment if he satisfies that judgment after execution of a judgment." *Id.*; *see also Miga v. Jensen*, 96 S.W.3d 207, 212 (Tex. 2002) (maintaining accord with *Riner*, but further explaining that "payment on a judgment will not moot an appeal of that

judgment if the judgment debtor clearly expresses an intent that he intends to exercise his right of appeal and appellate relief is not futile").

Here, the record reflects that J & J paid the default judgment only after a writ of execution issued and Harris County constables appeared at J & J's offices to execute the judgment. Thus, we conclude that J & J did not pay the judgment voluntarily and that J & J's payment of the judgment therefore did not render its appeal moot. *Riner*, 858 S.W.2d at 370.

### 2. Error is apparent on the face of the record.

J & J argues that the default judgment is invalid because Cintas failed to strictly comply with service requirements and the trial court therefore lacked in personam jurisdiction.

A corporation is not capable of accepting service on its own behalf, and instead must be served via an agent. Service on a corporation may be made on the corporation's registered agent, president, or vice president. TEX. BUS. ORGS. CODE ANN. §§ 5.201(b), 5.255(1) (West 2012). Texas statutes require that Texas domestic corporations "designate and continuously maintain in this state: (1) a registered agent; and (2) a registered office." *Id.* § 5.201(a). The registered agent may be an individual or an organization and "is an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." *Id.* §§ 5.201(b)(1), 5.201(b)(2). The registered agent "must

6

maintain a business office at the same address as the entity's registered office." *Id.* § 5.201(b)(3). "The registered office: (1) must be located at a street address where process may be personally served on the entity's registered agent; [but] (2) is not required to be a place of business of the filing entity." *Id.* § 5.201(c).

The Texas Rules of Civil Procedure dictate the method of service and requirements for the return of service. The citation and petition may be served in person or via registered or certified mail, return receipt requested. TEX. R. CIV. P. 106. A proper return of service must state the name and signature of the person executing service, when service was attempted, and the manner in which it was attempted. TEX. R. CIV. P. 107. If returned unserved, the officer's return must show the diligence used in attempting service and explain the reason for failing to execute the return. *Id.*

Pursuant to Section 5.251 of the Business Organizations Code, the Secretary of State becomes an agent for purposes of service of process when a corporation fails to appoint or maintain a registered agent or "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity." TEX. BUS. ORGS. CODE ANN. § 5.251(1)(B) (West 2012). "Only after the registered agent of a corporation cannot be found with reasonable diligence at the registered office can the Secretary of State act as agent of the corporation for service of process." *Marrot Commc'ns*, 227 S.W.3d at 377.

7

A single attempt to serve process on the registered agent may be sufficient to establish "reasonable diligence" if further attempts would be futile. *Ingram Indus.*, 121 S.W.3d at 34. However, "a default judgment obtained after an attempted substituted service will not stand absent a showing by the plaintiff that, before it resorted to substituted service, it first used reasonable diligence in seeking service on the registered agent of the corporation." *Id.*; *see also Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (explaining that "if [the] court cannot determine from the face of the record the address at which service was attempted or the individual upon whom service was attempted, a default judgment obtained after service on the Secretary of State cannot stand, even if a corporation has failed to designate and maintain a registered agent and registered office").

Here, the record does not reflect that Cintas made any attempt to serve J & J's registered agent with the original petition in accordance with Rule 106 of the Texas Rules of Civil Procedure before resorting to service through the Secretary of State. The record contains no citation issued by a district clerk, and it contains no return explaining why an attempt at service was unsuccessful. *See* TEX. R. CIV. P. 107(d) (requiring that return show diligence exercised by officer and cause of failure to execute). Instead, Cintas merely pleaded in its original petition that J & J's registered agent cannot with reasonable diligence be found at

8

the Little York address and immediately resorted to service through the Secretary of State. Merely pleading that service at the registered address is not possible with reasonable diligence—as Cintas did here—is insufficient.

Cintas explains that it made multiple attempts to deliver pre-suit demand letters to J & J at the registered address, all to no avail. On that basis, Cintas claims that it exercised reasonable diligence before suit was filed. However, documents evidencing these pre-suit attempts at service were not part of the record when the trial court entered default judgment against J & J, and we may not consider them. TEX. R. APP. P. 50(a); *Marrot Commc'ns*, 227 S.W.3d at 378 (process server's affidavit provided no evidence of reasonable diligence on appeal because it was not in record before the trial court when default judgment was entered); *RWL Constr., Inc. v. Erickson*, 877 S.W.2d 449, 451 (Tex. App.—Houston [1st Dist.] 1994, no writ) ("This Court must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs").

At least one attempt to serve the registered agent must be made before resorting to substituted service. *Ingram Indus.*, 121 S.W.3d at 34; *Marrot Commc'ns*, 227 S.W.3d at 377; *see also RWL Constr.*, 877 S.W.2d at 451 ("In order to support a default judgment based on substituted service . . . the record must show that reasonable diligence was used in seeking service on the registered

9

agent of the corporation *at the registered office*." (emphasis in original)).  Cintas made no attempt to serve J & J's registered agent at its registered office before serving the Secretary of State.  As a result, the record does not show the exercise of reasonable diligence necessary to support resort to substituted service.  *Id.* Accordingly, we conclude that service was improper and the trial court did not have in personam jurisdiction to enter a default judgment against J & J.  *See BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827–28 (Tex. App.—Eastland 2012, no pet.) (repeated attempts at service at registered office not necessary if doing so would be futile, but record must show at least one attempt at service on registered agent at registered office); *RWL Constr.*, 877 S.W.2d at 451–52 (reversing default judgment where nothing in record reflected reasonable diligence in attempting to serve defendant's registered agent at registered address).

## Conclusion

We conclude there is error on the face of the record.  For a default judgment to withstand attack, the record must reflect strict compliance with the rules for valid issuance, service, and return of service.  Here, the record does not affirmatively show that Cintas exercised reasonable diligence in attempting to serve J & J's registered agent at its registered office before serving the Secretary of State.  Thus, the trial court lacked in personam jurisdiction over J & J at the time of

10

the default judgment.  We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.


                                        Rebeca Huddle
                                        Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.